In re Gerald W. PENDRICK, aka Gerry W. Pendrick, aka Jerry W. Pendrick, dba Pendrick's State Farm Insurance and Carole M. Pendrick, Debtors.

OLD PHOENIX NATIONAL BANK OF MEDINA, Plaintiff,

v.

Jerome HOLUB, Trustee in Bankruptcy, Gerald W. Pendrick, Carole Pendrick, United States of America c/o Internal Revenue Service, United States of America c/o Attorney General, United States of America c/o U. S. District Attorney, Defendants.

Bankruptcy No. 581–1009.
Adv. No. 581–0961.

United States Bankruptcy Court,
N. D. Ohio.

June 18, 1982.

Jerome Holub, Akron, Ohio, Chapter 13 Trustee.

Richard A. Baumgart, Cleveland, Ohio, for plaintiff.

Matthew Yackshaw, Tax Division, Washington, D. C., for U. S. Dept. of Justice.

Michael J. Moran, Cuyahoga Falls, Ohio, for debtors.

David Brown, Medina, Ohio, for plaintiff.

Marvin Sicherman, Cleveland, Ohio, for plaintiff.

## FINDING AS TO SEQUESTERING OF FUNDS

H. F. WHITE, Bankruptcy Judge.

This cause came on upon the filing of a Creditor's Bill and Complaint for Order Sequestering Funds filed by Plaintiff, Old Phoenix National Bank of Medina (hereinafter referred to as "Old Phoenix"), against Defendants Jerome Holub, Standing Chapter 13 Trustee in Bankruptcy; Gerald W. Pendrick; Carole Pendrick; the United States of America c/o Internal Revenue Service; the Attorney General; and the U. S. District Attorney. The complaint was filed after the Chapter 13 proceeding was dismissed by defendants-debtors on December 21, 1981.

A motion to dismiss was filed by Defendants, Gerald W. Pendrick and Carole Pendrick (hereinafter referred to as "debtors"), on the grounds that this Court lacked jurisdiction over the case due to the dismissal of the Chapter 13 case. A similar argument was raised by defendant, United States of America (hereinafter referred to as "United States"), in its Answer to the Complaint. This motion was overruled by the Court in an Order dated March 5, 1982. In that Order, it was held that the bankruptcy court retained jurisdiction until such time as the funds held by the Chapter 13 Trustee had been disbursed.

The case is now before the Court on a Motion for Summary Judgment filed by the United States.

## FACTS

Debtors filed their Petition in Bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on June 15, 1981. On December 21, 1981, said Petition was dismissed without prejudice to refiling by debtors.

Debtors scheduled the claim of Old Phoenix as a secured claim in the amount of $43,459.46. A proof of claim was filed by Old Phoenix in the amount of $44,762.21 as of June 15, 1981. Three other proofs of claim were filed by Old Phoenix with the Bankruptcy Court for claims against the debtors unrelated to this action.

Debtors scheduled neither the United States of America nor the Internal Revenue Service as a creditor. A proof of claim was filed by the Internal Revenue Service on January 6, 1982 in the amount of $11,631.31.

The Chapter 13 Trustee filed a Final Report and Account with the Court on March 30, 1982. In that Report, the Trustee indicated that all monies received under the Chapter 13 Plan from Debtor's employer, Southwest Dodge, in the amount of $5,200.16 had been deposited in an interest bearing savings account at BancOhio National Bank. To date, none of these monies have been disbursed to any creditor. The order for payment of funds to the Trustee was made after the 341 hearing. The Plan as filed was never confirmed.

On December 21, 1981, Ron Alltop, Revenue Officer for the Internal Revenue Service, served a Notice of Levy on the Chapter 13 Trustee. The service of the Notice of Levy followed the filing of the Order for Dismissal of the Chapter 13 case by several hours. A notice of federal tax lien was filed in both Summit County and Medina County, Ohio on January 26, 1982 by the Internal Revenue Service.

On December 31, 1981, Trustee filed an application with this Court seeking instructions regarding the monies he had received under the Plan due to the levy made by the Internal Revenue Service.

The instant action was commenced on December 28, 1981 by Old Phoenix. Both parties assert that they have superior rights to the funds held by the Trustee. Defendant, United States, relies on its Notice of Levy and Notice of Tax Lien for this argument. Plaintiff relies upon the filing of the creditor's bill action as the basis for its rights to the funds.

## ISSUE

The issue is whether the levy made by the Internal Revenue Service was valid so as to entitle the Internal Revenue Service to the funds held by Defendant, Jerome Holub.

## LAW

The United States makes three arguments in support of its Motion for Summary Judgment. It argues: (1) that Plaintiff is not a judgment lien creditor pursuant to 26 U.S.C. Section 6323, (2) that the United States filed notices of tax lien prior to Old Phoenix becoming a judgment lien creditor and (3) that the United States served a notice of levy on the Trustee prior to Old Phoenix perfecting any interest in the monies held by the Trustee.

The latter of these three arguments is dispositive of the Motion for Summary Judgment. Accordingly, this Court will focus on the issues presented by virtue of that argument. In so doing, the first two issues will be discussed only to the extent necessary.

26 U.S.C. Section 6331(a) grants the Secretary of the Treasury the authority to "levy upon all property and rights to property ... belonging to such person or on which there is a lien provided in this chapter for the payment of such tax" where a person fails to pay a federal tax, either through neglect or refusal, within ten days after notice and demand. Authority to levy is delegated to the District Director to whom a tax assessment is charged under the Regulations. Regulations Section 301.-6331–1(a).

In the instant case, a Revenue Officer for the Internal Revenue Service served a Notice of Levy upon the Chapter 13 Trustee on the same day that the Order was filed dismissing the Chapter 13 proceedings. As a result, 26 U.S.C. 6332(a) came into play. That section provides that:

(a) ... any person in possession of ... property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such

property or rights . . . to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

Despite service of the Notice of Levy upon him, the Chapter 13 Trustee, to date, has not surrendered any portion of the monies held by him.

Old Phoenix argues that the levy was not valid due to the doctrine of in custodia legis. Under this doctrine, it is Plaintiff's contention that the Internal Revenue Service was required either to obtain a Court order permitting it to levy upon the funds in the Chapter 13 Trustee's possession or wait until such time as this Court entered an Order of Distribution regarding the funds.

In *In Re Quakertown Shopping Center, Inc.*, 366 F.2d 95 (3d Cir. 1966), the Third Circuit Court of Appeals outlined the purpose behind the doctrine of in custodia legis. It was stated that:

The doctrine which bars attachment of property in custodia legis is based on the desirability of avoiding a clash between judicial jurisdictions which would result from any attempt to use the process of one to seize assets in the control of another judicial authority.

The potential for such a clash has been said to be especially pronounced where the judicial jurisdictions in question are part of different sovereignties. *In Re Quakertown Shopping Center, Inc., supra.* And see *In Re Meter Maid Industries, Inc.*, 462 F.2d 436 (5th Cir. 1972), citing *In Re Quakertown Shopping Center, Inc., supra.*

Here, as in the *Quakertown* case, two varying jurisdictions are not involved. Instead, the same authority by which the Chapter 13 Trustee was placed in the custody of these funds also authorized the Internal Revenue Service to make levies for past due taxes. *In Re Quakertown Shopping Center, Inc., supra.* As such, the purpose for the rule, the avoidance of a clash between different judicial systems, is not present herein. Where the rules serves no purpose, it should not be applied.

Additionally, Regulations promulgated by the Internal Revenue Service address the ability of the Internal Revenue Service to make a levy during the pendency of a bankruptcy proceeding. Regulation Section 301.6331–1(a)(3) provides, in part, that:

During a bankruptcy proceeding or a receivership proceeding in either a Federal or a State court, the assets of the taxpayer are in general under the control of the court in which such proceeding is pending. Taxes cannot be collected by levy upon assets in the custody of a court, whether or not such custody is incident to a bankruptcy or receivership proceeding, except where the proceeding has progressed to such a point that the levy would not interfere with the work of the court. . .

In this case, the proceeding had progressed to such a point at the time that the levy was made and notice served upon the Trustee that it did not interfere with the work of this Court. At the time that the notice of levy was served upon the Trustee, all that remained to be done on the case was the filing of reports and the preparation of orders necessary to close the case. These reports and orders were not such that service of the notice of levy upon the Trustee prior to their preparation interfered with their completion. Moreover, service of the notice of levy simply informed the Court and the Trustee to whom the funds held by the Trustee were to be disbursed when disbursement was had. As such, the notice of levy did not interfere with the jurisdiction of this Court or the administration of this case. *In Re Quakertown Shopping Center, Inc., supra,* at 98.

The first two arguments raised by the United States in support of its Motion for Summary Judgment center around the relative priorities held by the United States and Old Phoenix with regard to the funds in question. As will be seen, however, the issues do not survive this Court's ruling on the levy issue.

Old Phoenix obtained judgment against debtors in the amount of $43,459.46 on

March 18, 1981. Execution was issued on the judgment but was returned unsatisfied.

Under Ohio law, the filing of a certificate of judgment with the clerk of court for the county in which the debtor holds an interest in real property creates a lien upon that property in favor of the judgment creditor. Ohio Revised Code Section 2329.02. However, in order to obtain a lien upon personal property, the judgment creditor must have the personal property actually seized in execution for a lien to arise. Ohio Revised Code Section 2329.03. The funds held by the Trustee were never seized in execution by the sheriff on behalf of Old Phoenix. Accordingly, at the time that the levy herein concerned was made, no lien existed in the funds in favor of Old Phoenix.

Old Phoenix argues that the filing of this creditor's bill acted so as to give it a specific lien on the funds in question. From an examination of Ohio law, it appears that a specific lien does arise upon the filing of a creditor's bill. See *Miers and Coulson v. The Zanesville & Maysville Turnpike Co.,* 13 Ohio Reports 197 (1844); *Bowry & Sons v. Odell & Brother,* 4 Ohio St. 623 (1855); *Ball v. Towle Manufacturing Co.,* 67 Ohio St. 306, 65 N.E. 1015 (1902). In order to determine the effect of the specific lien so acquired by Old Phoenix, the effect of the United States' levy must be examined.

It has been said that a levy operates as a seizure of a taxpayer's property. *American Acceptance Corp. v. Glendora Better Builders, Inc.,* 550 F.2d 1220 (9th Cir. 1977). Once a levy has been had, the United States has the full legal right to the property so levied upon. *Phelps v. United States,* 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975); *American Acceptance Corp. v. Glendora Better Builders, supra.* As a result, no subsequent party, including Old Phoenix, could acquire any rights to the funds in question superior to the rights in the funds held by the United States by virtue of its levy.

▪ The levy herein taken was valid. Although the funds were still held by the Chapter 13 Trustee at the time that the levy was made, the levy did not interfere with the administration of this case. By virtue of the levy, the United States acquired superior rights to the property, rights not destroyed when Old Phoenix thereafter filed this creditor's bill.

As there are no issues of fact remaining to be resolved and as this Court has resolved the legal issues herein presented in favor of the Defendant, The United States of America, this Court finds that summary judgment should be granted in favor of said Defendant and against Plaintiff, Old Phoenix National Bank of Medina. This Court finds that the Chapter 13 Trustee, Jerome Holub, should surrender the funds held by him in the amount of $5,200.16 with interest to Defendant, United States of America.