In re Maureen S. CLIFFORD, Debtor.

Bankruptcy No. 94 B 11425.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

May 25, 1995.

Claude B. Kahn, Kipnis, Kahn & Bruggeman, Ltd., Chicago, IL, for Maureen S. Clifford, debtor.

Jack McCullough Chapter 13 Standing Trustee, Chicago, IL.

Gerald Mylander, Chicago, IL, for Trustee.

Faith Lukin, Sp. Asst. Atty. Gen., Revenue Litigation Bureau, Chicago, IL, for James E. Ryan, Atty. Gen. of Illinois.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of Jack McCullough, the Chapter 13 Standing Trustee (the "Trustee"), to direct funds to the Debtor. For the reasons set forth herein, the Court hereby grants the motion and, pursuant to 11 U.S.C. § 1326(a)(2), orders the Trustee to return to the Debtor the sum of $23,900.00. The Illinois Department of Revenue, however, has a statutory lien on a portion of those funds pursuant to 35 ILCS 5/1109, in the amount of $21,399.67.

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

### II. FACTS AND BACKGROUND

The Debtor filed a Chapter 13 petition on June 7, 1994. The Illinois Department of Revenue ("IDOR") filed a proof of claim on September 14, 1994. IDOR filed an amend-

ed proof of claim on March 1, 1995. IDOR's claim arises out of the Debtor's pre-petition liability to IDOR for unpaid withholding tax for Medical Transcription Professionals, Inc., an Illinois corporation, that the Debtor listed on her schedules as owning a one-hundred percent interest in its stock. On March 8, 1995, the Court entered an order denying confirmation of the plan because on that same date, the Debtor voluntarily dismissed the petition under 11 U.S.C. § 1307(b). The Debtor paid the Trustee, under her proposed plan, the sum of $23,900.00. On March 24, 1995, an order was entered discharging the Trustee and directing the Clerk of the Bankruptcy Court to close the case. Subsequently, on March 28, 1995, IDOR served a notice of levy upon the Trustee, pursuant to 35 ILCS 5/1109, attempting to seize $21,399.67 of those funds on hand. Faced with the mandate of 11 U.S.C. § 1326(a)(2), which requires the Trustee to return the plan payments to the Debtor, and the competing claim of IDOR through its notice of levy, the Trustee filed the instant motion for directions.

### III. ISSUE AND ARGUMENTS OF THE PARTIES

The ultimate issue before the Court is who, between the Debtor and IDOR, is entitled to receive the $21,399.67 currently in the possession of the Trustee. The Trustee alleges that the relevant Illinois statute, 35 ILCS 5/1109, is preempted by Section 1326(a)(2) of the Bankruptcy Code via the Supremacy Clause. The Debtor agrees that the Bankruptcy Code supersedes Illinois state law. IDOR, on the other hand, argues that the Trustee has not shown that section 1326(a)(2) preempts 35 ILCS 5/1109. Thus, the Court must determine whether the two statutes are in conflict. If the statutes conflict, the Court must decide whether the federal statute preempts or supersedes the Illinois statute.

### IV. DISCUSSION

11 U.S.C. § 1326(a)(2) provides in relevant part that "[i]f a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title."[1] Section 1326(a)(2) is stated in mandatory terms. In re Lennon, 65 B.R. 130, 137–38 (Bankr.N.D.Ga.1986) ("Section 1326(a)(2) mandates that if no plan is confirmed, undistributed payments by the debtor to the Chapter 13 trustee shall be returned to the debtor.").

The relevant Illinois statute, 35 ILCS 5/1109, provides in pertinent part:

§ 1109. Demand and Seizure. In addition to any other remedy provided for by the laws of this State, if the tax imposed by this Act is not paid within the time required by this Act, the Department, or some person designated by it, may cause a demand to be made on the taxpayer for the payment thereof.... [T]he Department may issue a warrant directed to any sheriff or other person authorized to serve process, commanding the sheriff or other person to levy upon the property and rights to property (whether real or personal, tangible or intangible) of the taxpayer, without exemption, found within his jurisdiction, for the payment of the amount thereof with the added penalties, interest and the cost of executing the warrant. The term "levy" includes the power of distraint and seizure by any means.

. . . . . .

In addition to any other provisions of this Section, any officer or employee of the Department designated in writing by the Director may levy upon the following property and rights to property belonging to a taxpayer: contractual payments, accounts and notes receivable and other evidences of debt, and interest on bonds, by serving a notice of levy on the person making such payment.... To the extent of the amount due on the levy, the employer or other person making payments to the taxpayer shall hold any non-exempt wages or other payments due or which subsequently come due. The levy or balance due thereon is a lien on wages or other payments due at

---

1. The potential deduction for unpaid allowed post-petition administrative expenses under 11 U.S.C. § 503(b) does not apply to IDOR's pre-petition claim arising out of assessed, but unpaid, state withholding taxes.

*the time of the service of the notice of levy, and such lien shall continue as to* subsequent earnings and *other payments until the total amount due upon the levy is paid . . . .*

35 ILCS 5/1109 (emphasis supplied).

■ The first canon of statutory construction is that where the language of a statute is clear in its application, the court must apply its plain meaning as written. *See Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149–50, 117 L.Ed.2d 391 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'") (citations omitted). The Supreme Court has directed that the plain language of the Bankruptcy Code should not be departed from without substantial justification. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) ("The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of the statute will produce a result demonstrably at odds with the intentions of its drafters.'") (citations omitted); *Union Bank v. Wolas,* 502 U.S. 151, 158, 112 S.Ct. 527, 532, 116 L.Ed.2d 514 (1991) ("The fact that Congress may not have foreseen all of the consequences of a statutory enactment is not a sufficient reason for refusing to give effect to its plain meaning."); *Patterson v. Shumate,* 504 U.S. 753, 760, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992) (when there is "clarity of the statutory text," the party urging an interpretation contrary to the plain meaning of the statute bears an "exceptionally heavy" burden of persuasion). Another canon of statutory construction is to seek to harmonize two potentially conflicting statutes in their application, if possible, rather than find them to be in direct conflict necessitating a determination of which one controls or preempts the other. *See generally Kohler Co. v. Moen Inc.,* 12 F.3d 632, 642 (7th Cir.1993).

■ The Court, reading the plain, unambiguous language of section 1326(a)(2), concludes that the language of the statute mandates that the Trustee turn over all of the subject funds to the Debtor. The Court further concludes that the two pertinent statutes are not in conflict, and thus, the Court need not find that the Illinois statute is preempted by the Bankruptcy Code. The fact that IDOR levied on those funds while in the Trustee's possession does not relieve the Trustee from the mandatory language of section 1326(a)(2). The Trustee can satisfy both statutes with a return of the funds to the Debtor, subject to IDOR's lien created by the levy thereon. Such lien follows the funds into the hands of the Debtor. Pursuant to 35 ILCS 5/1109, the service of the notice of levy imposed a lien on the funds held by the Trustee, who must repay them to the Debtor under section 1326(a)(2), but IDOR's lien continues to be imposed thereon until the total amount due is paid by the Debtor to IDOR. 35 ILCS 5/1109 authorized IDOR to levy upon "other evidences of debt" belonging to the Debtor in the hands of a third party. At the time the levy was served, the bankruptcy case was dismissed and hence the automatic stay had terminated per 11 U.S.C. § 362(c)(1) and (c)(2)(B). Both section 1326(a)(2) and 35 ILCS 5/1109 can be harmonized by requiring the Trustee to disburse the funds to the Debtor, subject to the levy and lien of IDOR.

The parties cite to several cases in support of their respective positions. None of the cases cited are controlling upon this Court or on point with the applicable statutes involved here. IDOR cites to *United States v. Hemmen,* 51 F.3d 883 (9th Cir. April 7, 1995) in support of its position. The Court finds that *Hemmen* is inapposite to the matter at hand. There, the Internal Revenue Service served a notice of levy upon a Chapter 7 trustee under 26 U.S.C. § 6332(a). The IRS argued that the trustee was personally liable for the funds because he failed to turn over any money pursuant to the levy. *Hemmen* reversed the district court and held that the Chapter 7 trustee was personally liable under 26 U.S.C. § 6332(c)(1) for his failure to honor the levy. The *Hemmen* case is distinct for several reasons: (1) the notice of

levy was served pursuant to 26 U.S.C. § 6332(a), not 35 ILCS 5/1109; (2) *Hemmen* involved a Chapter 7 trustee, not a Chapter 13 trustee who is obligated under section 1326(a)(2) to return undistributed funds to a debtor; and (3) there was no discussion of section 1326(a)(2)'s plain requirement.

In addition, IDOR cites *In re Pendrick*, 20 B.R. 972 (Bankr.N.D.Ohio 1982). In *Pendrick*, the Debtor filed a Chapter 13 petition which was subsequently dismissed, and the plan was never confirmed. *Id.* at 974. The Chapter 13 trustee filed a Final Report and Account which indicated that all monies received under the unconfirmed plan were being held and that the trustee had not made any disbursements. *Id.* After dismissal of the case, the Internal Revenue Service served a notice of levy on the Chapter 13 trustee. *Id.* The trustee, in turn, filed a motion seeking instructions as to the disbursement of the undistributed funds in light of the levy. A secured creditor of the debtor brought an adversary proceeding alleging that it had superior rights to that of the IRS over the funds held by the Chapter 13 trustee. *Id.* The *Pendrick* court held that the IRS levy was valid and enforceable, and that the IRS had priority over the secured creditor because, under Ohio law, the secured creditor had not perfected its interest in the funds prior to the IRS's notice of levy. *Id.* at 976. The Court disagrees with IDOR that *Pendrick* is almost on point with the matter at hand. The *Pendrick* case made no mention of section 1326(a)(2); the notice of levy was served pursuant to a federal statute, not the Illinois statute at issue here; and the case was based on Ohio law. Hence, *Pendrick* is distinguishable.

The Court, however, does agree with IDOR's point that the Trustee's duty to return the funds to the Debtor can be fulfilled though subject to the statutory lien of IDOR. IDOR also cites to *In re Quakertown Shop-*

*ping Center, Inc.*, 366 F.2d 95 (3d Cir.1966) to support the proposition that section 1326(a)(2) and 35 ILCS 5/1109 can be read in harmony. In that case, the Internal Revenue Service assessed liabilities against a taxpayer corporation which filed a proof of claim with a receiver of a Chapter XI debtor under the former Bankruptcy Act of 1898. *Id.* at 96. The IRS then filed a notice of levy on the receiver to attach the taxpayer corporation's claim as a creditor of the debtor. *Id.* The *Quakertown* court held that the levy was valid and enforceable, and that the amount assessed was payable to the IRS as the creditor of the taxpayer corporation out of the debtor's estate. *Id.* at 98. IDOR maintains that this case underscores that the responsibilities of the Trustee under section 1326(a)(2) do not conflict with the Illinois statute. *Quakertown* is not on all fours with the matter at bar. *Quakertown* did not involve section 1326(a)(2) or 35 ILCS 5/1109 and the case was a Chapter XI case under the former Act, not a Chapter 13 case under the Bankruptcy Code. Thus, that court did not face the precise issue at bar on which there is no clear controlling case law.[2]

## V. CONCLUSION

For the foregoing reasons, the Court hereby grants the Trustee's motion, and orders the Trustee to return to the Debtor the sum of $23,900.00. Pursuant to 35 ILCS 5/1109, the service of IDOR'S notice of levy impressed a lien upon $21,399.67 of those funds which follows that amount from the Trustee to the Debtor. IDOR can pursue its statutory remedies to enforce its lien on the funds in the appropriate Illinois state circuit court, now that the Debtor's Chapter 13 case has been dismissed and there is no longer a bankruptcy estate to be administered under the jurisdiction of this Court.

This Opinion constitutes the Court's findings of fact and conclusions of law in accor-

2. IDOR cites to the doctrine of custodia legis, as noted in *Quakertown*. The doctrine of custodia legis provides that when one court takes possession of property through the appointment of an officer of the court, such property is then withdrawn from the jurisdiction of all other courts. *See generally Federal Sav. and Loan Ins. Corp. v. PSL Realty Co.*, 630 F.2d 515, 521 (7th Cir.1980), *cert. denied, Granite Inv. Co. v. Federal Sav. and Loan Ins. Corp.*, 452 U.S. 961, 101 S.Ct. 3109, 69 L.Ed.2d 971 (1981). This doctrine is inapposite and inapplicable because there is no clash between the jurisdiction of this Court and that of another regarding the subject property in the Trustee's hands.

dance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.