. **In re Victor OLIVER, Debtor.**

**Bankruptcy No. 97–13467 (MVB).**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

May 13, 1998.

6. We are unable to assess the debtor's honesty in representing the facts because *no testimony was*    given by the debtor.

Priscilla G. Bornman, Alexandria, VA, for Debtor.

Gerald M. O'Donnell, Alexandria, VA, for Trustee.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge.

Today we consider the Chapter 13 Trustee's (the "Trustee") motion for guidance. Mr. Gerald O'Donnell was appointed Trustee in this Chapter 13 case that was filed by the debtor, Victor Oliver, on May 9, 1997. On January 29, 1998, the Trustee moved to dismiss the case pursuant to 11 U.S.C. §§ 1307(c)(6) and (c)(8). This Court granted the motion and the order dismissing the case was entered on February 17, 1998. A plan was never confirmed in this case prior to dismissal.

This court has jurisdiction over the parties and subject matter of this core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1409.

Currently, the Trustee holds funds in the amount of $10,876.04 that were paid by the debtor to the Trustee pending confirmation of a plan. The case was dismissed prior to the Trustee making any payments because a plan was never confirmed. An order was signed by this Court simultaneously with the order of dismissal granting the debtor's counsel an award of attorney's fees and expenses to be paid from the funds. Following the order of dismissal, but prior to the closing report and return of such payments to the debtor, the Trustee was served with a Garnishment summons in Case NO. CL96–849 in the Circuit Court of Fairfax County where the case *Bricks, Blocks & Concrete Co., Inc. v. Victor Oliver* was pending. Thereafter, the Trustee moved this court for guidance under 11 U.S.C. § 1326(a)(2) as to the disposition of the funds that were never paid out under a plan.

The issue raised by this case is whether the money held by the Trustee should be returned to the debtor or distributed to the debtor's creditors, and whether the debtor's attorney should be paid her attorney's fees and expenses from the funds.

Section 1326(a)(2) provides:

A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. **If a plan is not confirmed, the trustee shall** *return any such payment to the debtor,* **after deducting any unpaid claim allowed under section 503(b) of this title.**

11 U.S.C. § 1326(a)(2) (1994) (emphasis added).

It is well settled that in matters of statutory construction, courts should look to the plain meaning of the statute and should only go beyond the literal meaning if it appears that the outcome would be contrary to the purpose of the statute. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Here, the language of the statute is clear, the Trustee shall return any payment to the debtor if the plan is not confirmed after paying administrative expenses. 11 U.S.C. § 1326(a)(2).

Many courts interpreting this section have reached the conclusion that when a Trustee is holding undistributed funds paid by a debtor, the plain meaning of the statute dictates that the funds be returned to the debtor. *In re Walter,* 199 B.R. 390, 391–92 (Bankr. C.D.Ill.1996); *Smith v. Strickland,* 178 B.R.

**274**

524, 526 (Bankr.M.D.Fla.1995); *In re Clifford*, 182 B.R. 229, 231 (Bankr.N.D.Ill.1995).

We first address whether the debtor's counsel should receive payment from these funds. Section 1326(a)(2) clearly states that if a plan is not confirmed, funds being held by the Trustee shall be returned to the debtor **"after deducting any unpaid claim allowed under section 503(b) of this title."** 11 U.S.C. § 1326(a)(2) (emphasis added). Section 503(b)(2) provides "[a]fter notice and a hearing, there shall be allowed administrative expenses ... including compensation and reimbursement awarded under section 330(a) of this title...." 11 U.S.C. § 503(b)(2). Section 330(a)(4)(B) provides "[i]n a ... chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor...." 11 U.S.C. § 330(a)(4)(B).

This court determined that the attorney's fees and expenses were reasonable, necessary and benefitted the debtor in connection with the bankruptcy case. Accordingly, on February 17, 1998, this court entered the order directing the fees and expenses to be paid from the funds held by the Trustee.

■ Reading sections 1326(a)(2), 503(b)(2) and 330(a)(4)(B) together, we conclude that the debtor's attorney's fees and expenses are administrative expenses which are properly payable by the Trustee prior to the return of the remaining funds to the debtor pursuant to section 1326(a)(2).

We now turn to whether the creditor is entitled to receive the funds. This case is substantially similar to *In re Walter*, 199 B.R. 390 (Bankr.C.D.Ill.1996) and *In re Clifford*, 182 B.R. 229 (Bankr.N.D.Ill.1995). In both instances, the Chapter 13 case was dismissed prior to any plan being confirmed and the trustee held funds that had not been distributed to creditors. Prior to any funds being returned to the debtor pursuant to 11 U.S.C. § 1326(a)(2), a creditor claimed an interest in the funds.

In *Clifford*, the Illinois Department of Revenue obtained a statutory lien on the funds held by the Chapter 13 Trustee that had not been distributed under a plan. After the case was dismissed, the Illinois Department of Revenue served a levy on the Trustee attempting to seize the funds. The court was required to decide whether the federal statute, 11 U.S.C. § 1326(a)(2) preempted or superseded the Illinois statute. *Clifford*, 182 B.R. at 231. The *Clifford* court concluded that section 1326(a)(2) was unambiguous, and the plain language of § 1326(a)(2) required the Trustee to turn over all funds to the debtor. It further found that the statutes were not in conflict because the statutory lien would continue to be imposed on the funds even though they are returnable to the debtor. The levy was served on the Trustee after the bankruptcy court had dismissed the case and therefore the automatic stay did not apply.

The court held that the Trustee was to disburse the funds to the debtor subject to the levy and lien of the Illinois Department of Revenue. *Id.* at 232. The Illinois Department of Revenue was therefore free to pursue its rights to enforce the lien in state court. *Id.*

Similarly, in *Walter*, a bank sought to have funds turned over from the Chapter 13 Trustee who held the funds after a motion to dismiss the case was granted by the court. *Walter*, 199 B.R. at 391. The bank and the Trustee argued that the funds should be turned over to the debtors' largest creditor, the bank, as adequate protection to offset any impairment to the value of its collateral.

The court rejected this argument and held that the bank retained lien rights against the debtor's inventory and accounts receivable and therefore, any lien that it would have against the funds paid to the Trustee would remain intact. However, in order to enforce its lien rights, the bank must go forward in a state court proceeding. The court reasoned "by returning the property to the Debtors, the relative rights and positions of the parties are, as nearly as possible, restored to where they would have been if the Debtors had never filed bankruptcy." *Id.* at 393.

Following the reasoning and decisions of *Walter* and *Clifford*, we also conclude that the language of the statute is clear, the Trustee shall return any undistributed funds to the debtor after paying the debtor's attorney and all of the debtor's creditors are entitled to pursue collection through state court proceedings. This conclusion places all of the relative parties in a position as near as possible to where they would have been if the debtor had never filed for protection under the Bankruptcy Code.

## CONCLUSION

For the foregoing reasons, the Trustee shall pay to the debtor's attorney her fees and expenses in the amount of $1,847.80, previously approved by this court. Thereafter, the remaining funds held by the Trustee shall be returned to the debtor and the creditors are entitled to enforce their rights in the funds through a proper state court proceeding.