In re John C. DOHERTY & Irene
F. Doherty, husband and
wife, Debtors.

**Bankruptcy No. 96–04391–R33.**

United States Bankruptcy Court,
E.D. Washington.

Jan. 27, 1999.

Daniel H. Brunner, Spokane, WA, Chapter 13 Trustee.

Dina L. Yunker, Bankruptcy & Collection Division, Seattle, WA, for State of Washington.

Elizabeth McBride, Spokane, WA, for debtors.

## MEMORANDUM OPINION

JOHN A. ROSSMEISSL, Chief Judge.

### I.

#### Procedural Posture & Jurisdictional Statement

A creditor attempted to seize funds held by the Chapter 13 Trustee following dismissal of the Debtor's case but prior to distribution of the funds held by the Chapter 13 Trustee. The Chapter 13 Trustee moved to quash the creditor's attempt to seize.

The issues in this matter involve the administration of a bankruptcy case filed under Title 11 of the United States Code. It is a core proceeding. 28 U.S.C. § 157(b)(2).

### II.

#### Facts

Debtors, John and Irene Doherty, filed a Chapter 13 petition October 7, 1996. The Dohertys were unable to confirm a plan. On February 19, 1998, the Court granted a creditor's motion to dismiss. The Order of dismissal was entered on February 26, 1998. The Washington State Department of Revenue wasted no time and on February 27, 1998 pursuant to RCW 83.32.235 served the Chapter 13 Trustee with a Notice and Order to Withhold and Deliver the funds being held on behalf of the Debtors. The Department of Revenue's Notice and Order to Withhold and Deliver was based upon a pre-petition tax warrant in the amount of $11,310.27.

On April 10, 1998, the Trustee filed a motion seeking to quash the Notice and Order to Withhold and Deliver. In the motion the Trustee stated that he was holding $9,330.00 received from or on behalf of the Debtors and that under LBR 2083–1(l)(5) he was entitled to deduct $516.00 for administrative expenses.[1] The Trustee seeks to pay the funds remaining after deduction of administrative expenses to the Debtors.

### III.

#### Issue

Are funds held by the Chapter 13 Trustee after dismissal of the case prior to confirmation subject to a Notice and Order to Withhold and Deliver issued by the Washington State Department of Revenue or should the funds be returned to the Debtors?

### IV.

#### Discussion

A. *The Effect of Dismissal on the Estate and the Automatic Stay.*

The commencement of a case under sections 301, 302 or 303 creates the Bankruptcy Estate. 11 U.S.C. § 541(a). Likewise, upon filing of a petition for relief, a stay of acts against the debtor and property of the estate comes into existence under 11 U.S.C. § 362(a). The definition of property of the estate in a Chapter 13 is broader than in other Chapters of the Bankruptcy Code. In a Chapter 13 property of the estate includes all

---

1. Local Bankruptcy Rule for the Eastern District of Washington 2083–1 provides in pertinent part:
 (1) Distributions and Payments by Chapter 13 Trustee
 . . .
 (5) Disposition of Funds on Conversion or Dismissal
 (A) On the conversion or dismissal of a case, the Chapter 13 trustee shall, as soon as practicable, disburse any remaining funds in according with 11 U.S.C. § 1326. If a motion is filed pursuant to 11 U.S.C. § 348(f)(2) and the trustee is served a copy thereof prior to disbursement, then the Chapter 13 trustee shall not further disburse until resolution of the motion.
 (B) If a case is dismissed or converted prior to confirmation, then the Chapter 13 trustee shall be entitled to deduct and retain as reimbursement for set up and maintenance costs an amount as established by the Court.

property described in Section 541 acquired by the debtor post-petition and all post-petition earnings of the debtor. 11 U.S.C. § 1306(a)(1)–(2). Therefore, prior to dismissal the funds held by the Trustee were property of the estate and protected by the automatic stay.

■ Unfortunately the Bankruptcy Code is not specific as to when the estate passes out of existence. The First Circuit in *In re De Jesus Saez,* 721 F.2d 848 (1st Cir.1983) held that the estate and the automatic stay terminate upon dismissal of the bankruptcy petition.

> Section 362(c) provides that the stay continue as to creditor conduct not directed against property of the estate, only until dismissal, and as to conduct directed against such property, only so long as it remains in the estate. It seems self evident that there is no "estate" and hence no "property of the estate" unless there is an existing petition.

721 F.2d at 851. When a case is dismissed, the automatic stay terminates immediately upon the docketing of the dismissal order. *In re Weston,* 101 B.R. 202, 204–205, (Bankr. E.D.Cal.1989), *aff'd* 123 B.R. 466 (9th Cir. BAP 1991) (table) *aff'd,* 967 F.2d 596 (9th Cir.1992) (table), *cert. denied,* 506 U.S. 1051, 113 S.Ct. 973, 122 L.Ed.2d 128 (1993). In the instant case the bankruptcy estate and the automatic stay terminated immediately upon the docketing of the dismissal order. Immediately thereafter the State exercised its collection procedures against the funds in the hands of the Trustee.

B. *The Effect of the Notice and Order to Withhold under State Law.*

The Court must determine if and when the state obtained a right in the funds in the trustee's possession.

The State of Washington is attempting to seize the funds in the Chapter 13 Trustee's possession relying on the State's Notice and Order to Withhold and Deliver procedure. The Department of Revenue is proceeding under RCW 82.32.210 which allows it to file a warrant for unpaid taxes with the Superior Court. Upon filing the warrant is entered in the judgment docket. RCW 82.32.210(2).

The amount of the warrant docketed becomes a lien upon the taxpayers real and personal property in the same fashion as a judgment in a civil case. RCW 82.32.210(4). Once docketed the warrant is sufficient to support issuance of a writ of garnishment pursuant to RCW 82.32.210(4) or a Notice and Order to Withhold and Deliver pursuant to RCW 82.32.235. The lien created by a Notice and Order to Withhold and Deliver is a continuing lien. RCW 82.32.237. In the State of Washington the judgment lien against personal property arises only when the property is levied upon. RCW 4.56.10.

The Court recognizes that the State is not proceeding upon a writ of garnishment issued by the Superior Court. RCW 82.32.235 allows the Department of Revenue to issue a Notice and Order to Withhold and Deliver directly. However, the powers granted to the State upon the filing of the warrant, the structure of the withhold and deliver statute and the provision in the statute for entry of a default judgment against the party holding the funds, leads this court to conclude the withhold and deliver order is functionally the equivalent of a writ of garnishment. The State's lien would only come into existence when the Notice and Order to Withhold and Deliver was served.

Before the Court can decide whether this imposition of a state lien on the funds held by the Trustee is an improper interference with the bankruptcy process, the Court must consider the Bankruptcy Codes directions as to the disposition of property upon dismissal of the case.

C. *Disposition of Former Estate Property.*

Once the bankruptcy petition is dismissed and the estate terminates, the question becomes what happens to the former property of the estate. The language of 11 U.S.C. § 349(b)(3) is consistent with the conclusion that the estate terminates upon dismissal. Section 349(b)(3) provides that upon dismissal property of the estate revests in the entity which held the property prior to commencement of the case. Section 349 applies to all bankruptcies and thus does not specifically address post-petition funds paid to the Chap-

ter 13 Trustee by the debtor or on behalf of the debtor.

■ The disposition of post-petition funds received by the Chapter 13 Trustee is addressed in 11 U.S.C. § 1326(a)(2). This section directs that post-petition payments be returned to the debtor if the case is dismissed prior to confirmation. There appears to be no dispute that the funds at issue represent post-petition payments to the Trustee by or on behalf of the Debtors. Therefore, upon dismissal the funds revested in the Debtors and they are no longer protected by the automatic stay. While it is clear that the funds at issue in this case revest in the Debtors upon dismissal, the Chapter 13 Trustee must complete his administration of the case before the funds can be returned to the Debtors. 11 U.S.C. § 1326(a)(2). *In re Nash,* 765 F.2d 1410 at 1413 (9th Cir.1985).

■ Dismissal of a Chapter 13 case does not automatically terminate the Court's jurisdiction over the Chapter 13 Trustee or former estate funds that he holds. The source of the Court's continuing jurisdiction is implied rather than expressly stated in the Bankruptcy Code. The court in *In re Ethington,* 150 B.R. 48 (Bankr.D.Idaho 1993) analyzed post dismissal jurisdiction in the context of a Chapter 12 proceeding.[2] The court concluded that it had jurisdiction to hear and determine administrative expense issues prior to payment of the funds held by the Chapter 12 Trustee. 150 B.R. at 51. The analysis of the court in *Ethington* is persuasive.

■ The Trustee is a creature of the Bankruptcy Code and the Court. The Court has a right and a duty to review the performance of the Trustee. Even after a case is dismissed, the Trustee must still deal with administrative claims pursuant to Sections 1326(a) and 503. In addition the Trustee must file a final report. 11 U.S.C. § 704(9). Until these matters are taken care of the case is not fully administered and cannot be closed. The Bankruptcy Court has jurisdic-

tion to deal with these matters until the case is closed. To conclude otherwise would severely limit the effectiveness and intent of 11 U.S.C. § 1326(a) and interfere with the orderly administration and closing of the case.

■ Some courts have chosen to make the retention of jurisdiction part of the order of dismissal. These courts cite 11 U.S.C. § 349(b) as the basis for including the language retaining jurisdiction in the dismissal order. *See, In re Ethington; In re DeLuca,* 142 B.R. 687 (Bankr.D.N.J.1992). The order of dismissal entered in this case contained no such language. Because retention of jurisdiction is implied by the Bankruptcy Code, it is not necessary that the court specifically retain jurisdiction in the dismissal order.

In the post dismissal period, the Court has jurisdiction to deal with issues arising under 11 U.S.C. § 1326(a) and the closing of the case. While the Trustee does not have to immediately turn the funds over to the debtor, the funds are not part of the bankruptcy estate and are not protected by the automatic stay. This does not mean that the funds in the hands of the Chapter 13 Trustee are totally unprotected.

The United States Supreme Court discussed the long recognized principal that where property is in the jurisdiction of one court another court may not seek to remove the property from the jurisdiction of the first court. *Murphy v. John Hofman Co.,* 211 U.S. 562, 29 S.Ct. 154, 53 L.Ed. 327 (1909). Some courts have chosen to identify this principal as *Custodia Legis.*

In *Murphy v. Hofman,* a creditor in a bankruptcy sought a writ of replevin in state court against the bankruptcy receiver. The Supreme Court held that seizure of the goods pursuant to a writ of replevin was an improper invasion of the bankruptcy court's possession of the property.

> But, where the property in dispute is in the actual possession of the court of bankruptcy, there comes into play another principle, not peculiar to courts of bankruptcy, but applicable to all courts, Federal or

---

**2.** The language of 11 U.S.C. § 1226(a) is similar but not identical to 11 U.S.C. § 1326(a). However, the two sections operate in identical fashion.

As a consequence, the reasoning in *Ethington* applies equally to Section 1326(a).

state. Where a court of competent jurisdiction has taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The court, having possession of the property, has an ancillary jurisdiction to hear and determine all questions respecting the title, possession or control of the property. In the courts of the United States this ancillary jurisdiction may be exercised, through it is not authorized by any statute. The jurisdiction in such cases arises out of the possession of the property, and is exclusive of the jurisdiction of all other courts, although otherwise the controversy would be cognizable in them.

*Murphy v. Hofman,* 211 U.S. at 568–569, 29 S.Ct. at 156–157.

The policy behind the principle of *Custodia Legis* is to prevent a clash between judicial jurisdictions as a result of a court in one jurisdiction attempting to seize assets in the control of another. *In re Quakertown Shopping Center Inc.,* 366 F.2d 95 (3rd Cir.1966).

■ The State of Washington is relying upon its status as holder of a "judgment lien" to seize property in the custody of the Chapter 13 Trustee, an officer of the bankruptcy court. The State of Washington cannot compel the Chapter 13 Trustee to turnover the funds which are subject to a Section 503(b) administrative claim or payment of the Trustees fees and expenses. The last sentence of 11 U.S.C. § 1326(a)(2) provides:

> If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.

This is a clear statutory mandate to the Trustee. The Court cannot permit the State's levy to interfere with the accomplishment of the Trustee's duties to determine and pay costs of administration. Those statutory duties are preemptive both under the Supremacy Clause of the United States Constitution and the doctrine of *Custodia Legis.* The Trustee in this case has accomplished these duties and the only matter remaining is distribution of the remainder of the funds to the debtor after paying costs of administration.

■ The question then becomes whether the State's levy upon the funds not necessary to pay the administrative and trustee costs primes the Debtors' claim to the funds.

The Trustee and Debtors' have cited *In re Nash,* 765 F.2d 1410 (9th Cir.1985) for the proposition that funds should be returned only to the Debtors. *Nash* does not have any bearing on the current situation. It involved dismissal of a Chapter 13 after the plan was confirmed and thus the last sentence of 11 U.S.C. § 1326(a) is not applicable. The question before the *Nash* court was whether the funds in the trustee's hands should be distributed to the creditors pursuant to the terms of the confirmed plan or to the debtors. The Ninth Circuit Court of Appeals rejected the contention that the debtors continued to be bound by terms of their confirmed plan after dismissal and found the funds should be paid to the debtors. There was no discussion of whether the funds in the hands of the trustee were subject to a levy by the debtors' creditors. *Nash* is not determinative as to the issue before this court.

There is some authority at the bankruptcy court level on this issue. A number of these cases involve the effect of an IRS levy. On facts remarkably similar to those in this case the bankruptcy courts in *In re Pendrick,* 20 B.R. 972 (Bankr.N.D.Ohio 1982) and *In re Schlapper,* 195 B.R. 805 (Bankr.M.D.Fla. 1996) have held the funds in the trustee's control post dismissal are subject to levy. *But See In re DeLuca,* 142 B.R. 687 (Bankr. N.J.1992) (where the bankruptcy court's retention of jurisdiction in the dismissal order pursuant to 11 U.S.C. § 349(b)(3) kept the property in the estate and protected by the automatic stay provision. 11 U.S.C. § 362(a)(4).)

The only instance the Court can find of an entity other than the Internal Revenue Service attempting to attach or levy on funds held by the Chapter 13 Trustee post dismissal is an attempted levy by the Illinois Department of Revenue in *In re Clifford,* 182 B.R. 229 (Bankr.N.D.Ill.1995). The court in *Clifford* recognized the attachment of the lien but did not order the funds be turned over to

the Illinois Department of Revenue. Rather, the court directed that the funds be disbursed to the debtor subject to the lien. The Department of Revenue was left to complete its pursuit of the funds in state court. This solution is not attractive to this court. Judicial economy suggests that any issues regarding the funds should be resolved in the bankruptcy court.

The court in *In re Walter,* 199 B.R. 390 (Bankr.C.D.Ill.1996) suggests that funds held by the trustee post dismissal might be subject to "state law proceedings". However that issue was not before the *Walter* court in that it had declined to issue a written order of dismissal until the issue of rights to the funds was determined. The funds presumably still remained property of the estate and protected by the automatic stay.

Does the statutory direction to pay to the debtor mean pay exclusively to the debtor or are the funds subject to execution by creditors? The language of Section 1326(a)(2) does not directly answer this question.

The Debtors argue that the language of § 1326(a)(2) directs that the funds held by the Trustee after payments of the appropriate costs of administration are to be paid only to the Debtors. In essence, they argue Congress intended a kind of exemption from creditors' claims granted for funds paid by the debtors in the hands of the Chapter 13 trustee until repaid to the debtors. This argument is not persuasive.

The Bankruptcy Code grants protection to debtors and their property in quite specific provisions. The automatic stay provision of § 362 protects both the debtors and the property of their estates. Those protections terminate upon the dismissal of the case. The language of § 1326(a)(2) does not clearly extend those protections beyond the entry of the order of dismissal. Nor is it clear what the purpose such an extension would serve.

The Debtors might argue that this was another incentive offered by Congress to make Chapter 13 a more attractive alternative for debtors as compared to relief under other chapters of the Code. Certainly the ability to set aside funds protected from the claims of creditors would be a great incentive to debtors but it is unlikely that Congress would supply that incentive to one who may have decided to forego the responsibilities to one's creditors contained in the Bankruptcy Code.

Congress has specifically provided safeguards to protect debtors from the adverse consequences to them of choosing Chapter 13 relief as opposed to Chapter 7 relief. If the Chapter 13 fails, the debtors in good faith may convert their case to one under Chapter 7. In such cases the property of the estate and valuation of secured claims is determined as of the date of the original filing as opposed to the conversion date. 11 U.S.C. § 548(f). These provisions are a significant benefit and protect the debtor from a choice which time has shown did not work out.

The interpretation suggested by the Debtors would give more incentive to dismiss the case than to remain within the constraints of the Code provisions by converting case to one under Chapter 7. The court fails to see why Congress would intentionally encourage dismissal rather than conversion in these circumstances by giving debtors a head start in disposing of the funds in the race with their creditors.

The Trustee argues that allowing creditors to levy would be unduly burdensome to his office. The Trustee is merely a stakeholder. The levy does not interfere with the administration of this case. That work is completed. There is not a compelling argument for why the Chapter 13 Trustee should be treated differently from any other person or entity who holds funds of the debtor. There is always a burden in responding to garnishments and levies but the Court questions whether it is any greater burden for the Trustee than for any other respondent to a Notice and Order to Withhold and Deliver. This argument is not persuasive.

## IV.

### *Conclusion*

The Court finds that the Trustee is authorized and entitled to deduct from the funds held the sum of $516.00 for administrative expenses. After deduction of this amount, the remaining funds are subject to the De-

partment of Revenue's Notice and Order to Withhold and Deliver. The motion to quash the Notice and Order to Withhold and Deliver is denied.