**In re John D. LAMPMAN, Jr. and Donna M. Lampman, Debtors.**

**No. 01–50944–C.**

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

March 19, 2002.

David Aaron DeSoto, Michael Alexander Tabet, Law Offices of David W. Kirk, PC, San Antonio, TX, for debtors.

Marion A. Olson, San Antonio, TX, trustee.

**MEMORANDUM DECISION ON DEBTOR'S RE-QUEST FOR PAYMENT OF ATTORNEYS' FEES INCIDENT TO A VOLUNTARY DISMISS-AL**

LEIF M. CLARK, Bankruptcy Judge.

The debtors filed a motion to voluntarily dismiss their case. By statute, they have an absolute right to such dismissal, so long as the case was not previously pending under another chapter. The motion will be granted. Debtors have also requested payment of attorneys' fees up to $1,100, from funds on hand with the chapter 13 trustee. The chapter 13 plan was confirmed, and included an award of $2,500 in fees, to be paid as an administrative claim under the plan. The Bankruptcy Code states that, upon dismissal, all funds on hand with the Chapter 13 trustee are to be returned directly to the debtor. The debtors have countersigned this motion, indicating their agreement with the arrangement set out in the motion, *i.e.*, directing that funds that would otherwise be paid to them be paid over instead to their counsel, for services previously rendered in the case.

This court, in a recent opinion, ruled that chapter debtors whose plan had not been confirmed and who had converted their case to chapter 7, could assign their interest in funds held by the trustee to their attorneys, to pay the attorneys for work to be performed incident to the conversion (*e.g.*, the preparation of additional schedules, attending the § 341 meeting). *See In re Zamora,* 274 B.R. 268 (Bankr. W.D.Tex.2002). A critical issue in that case, raised by the trustee, was the prospect of the chapter 13 trustee disbursing funds to an attorney without a court order authorizing the payment of those fees (because approval of fees occurs only as and when the plan is confirmed). That issue is not presented on the facts of our present case. The court confirmed this plan, and also approved the payment of fees. The *Zamora* decision expressly left for another day the question whether, on this set of facts, monies should be paid over to the debtor's lawyer as is being sought here.

That day has arrived with this case. Section 349(b)(3) provides that, "[u]nless

the court, for cause, orders otherwise, a dismissal of a case ... revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case." 11 U.S.C. § 349(b)(3). The funds on hand with the trustee represent a portion of wages paid to the debtor that were redirected to the estate by virtue of a wage deduction order (or by voluntary payment by the debtors in some cases). The revesting provision in section 349 would place these funds back in the hands of the debtors, as "the entity in which such property was vested immediately before the commencement of the case," because, but for the bankruptcy filing, the only person entitled to receive a debtor's wages as they come due would be (in the usual case) the debtor.[1] However, section 1326(a)(2) states that administrative expenses allowed pursuant to section 503(b) are to be paid either in accordance with the plan (assuming the plan is confirmed), or out of the funds on hand (if the plan is not confirmed) *before* returning any balance to the debtor. Courts have construed this provision, in the context of a voluntary dismissal, to mean that the chapter 13 trustee is obligated to satisfy allowed administrative claims out of funds on hand *before* returning the remainder to the debtor. *See Clark v. Commercial State Bank,* 2001 WL 685529, *7 (W.D.Tex. Apr. 16, 2001) (Furgeson, D.J.); *In re Doherty,* 229 B.R. 461, 465 (Bankr.E.D.Wash.1999); *In re Williams,* 246 B.R. 591, 593 (8th Cir. BAP (Mo.), 1999).

A technical reading of section 349 and section 1326(a)(2) could lead to the odd conclusion that administrative expenses get paid out of funds on hand upon a voluntary dismissal only if a plan has *not* been confirmed. *Compare* 11 U.S.C. § 349(b)(3) (revesting property in the entity in which such property was vested prior to commencement, *i.e.,* before any administrative expenses were even incurred, much less allowed) *with* 11 U.S.C. § 1326(a)(2) (directing distributions, upon confirmation, in accordance with the terms of the plan, though upon dismissal, the confirmation order is no longer applicable). That could mean that, if a plan *has* been confirmed, then administrative expenses do *not* get paid out of any funds on hand with the chapter 13 trustee upon voluntary dismissal. That seems an anomalous and unfair outcome. Fortunately, we need not strain at the bit of statutory construction, because there is ready escape available in the statute itself, which states that the court may, for cause, order a different revesting or distribution than as provided in the statute. *See* 11 U.S.C. § 349(b) ("[u]nless the court, for cause, orders otherwise ...").

■ To achieve the sensible ends suggested both by section 1326(a)(2), to wit, the payment of allowed administrative claims out of funds on hand upon voluntary dismissal, the court here holds that, on motion of the debtor requesting payment of attorney fees previously allowed in a chapter 13 case, the court will order that such fees be deducted from the funds on

---

1. We say "in the usual case" because it is easy to envision a situation in which those funds might vest elsewhere. For example, a prepetition wage garnishment order would spring back into existence on the dismissal of the case such that the garnishor might be the entity entitled to receive the funds. *See Clark v. Commercial State Bank,* 2001 WL 685529, *7 (W.D.Tex. Apr. 16, 2001) (pre-bankruptcy garnishment enforced against funds on hand with chapter 13 trustee following voluntary dismissal); *see In re Schlapper,* 195 B.R. 805, 806 (Bankr.M.D.Fla.1996). *In re Doherty,* 229 B.R. 461, 465–66 (Bankr.E.D.Wash.1999) (state tax levy enforceable against chapter 13 trustee after administrative expenses are satisfied, without necessity of returning to state court for relief).

hand and paid over to the attorney in question. Any balance will then be returned to the debtor. Any such motion must be signed by the debtors as well as by the attorney filing the pleading. The trustee will not be obligated to disburse any greater amount of fees than has already been allowed to the attorneys.

The court does not have before it the situation in which a debtor seeks voluntary dismissal prior to confirmation. However, in the interests of assisting the bar (and the Chapter 13 Trustee) in the administration of cases, the court will address this scenario as well. In some ways, the task is made easier by the express language of section 1326(a)(2), which directs that the chapter 13 trustee is to make distribution of funds on hand only *after* satisfying allowed administrative claims. The Code itself is silent on the procedure that ought to be employed, but a fair implication is that a reasonable opportunity to urge administrative claims ought to be given to entities whose claims may have matured but not yet allowed—such as a chapter 13 debtor's attorneys' fees. *See In re Williams,* 246 B.R. 591, 594 (8th Cir. BAP (Mo.), 1999) (administrative claims are not deemed allowed when asserted; they must obtain an affirmative allowance by court order); *see also Toma Steel Supply, Inc. v. TransAmerican Natural Gas Corp. (In re TransAmerican Natural Gas Corp.),* 978 F.2d 1409, 1415 (5th Cir.1992), *cert. dismissed,* 507 U.S. 1048, 113 S.Ct. 1892, 123 L.Ed.2d 646 (1993). In this district and division, chapter 13 debtor's counsel typically incurs most of its fees prior to confirmation, but the fees are not allowed as an administrative expense claim until confirmation of the plan. Thus, if no plan is confirmed, the fees will not yet have been allowed. Without an allowed claim, the attorney could not obtain distribution out of funds on hand for work already performed.[2]

The easy solution is that, on motion to voluntarily dismiss prior to confirmation, the debtor's attorney must also move for allowance of its fees, and furnish sufficient documentation to permit the court to rule on whether the fees should be allowed. The motion must be countersigned by the debtors, to assure the court that the debtors are aware of the fees being requested, and concur in their payment. The order granting voluntary dismissal must contain the following language:

> The attorneys' fees requested are hereby allowed as an administrative claim, and are to be deducted from any funds on hand with the Chapter 13 Trustee and paid over to the attorneys. The allowance is, however, contingent upon the Chapter 13 Trustee having the right to object to the allowance of the claim within ten (10) days of the entry of this order. The Chapter 13 Trustee may waive the right to object by tendering the fees allowed. If the Chapter 13 Trustee timely objects, then the trustee shall retain the funds deducted, pending a ruling by the court on the objection. The court by this order, retains continuing jurisdiction to adjudicate any objections to the allowance of fees notwithstanding the dismissal of the case.

In this way, the court will protect the rights of the only real party in interest[3] to

---

**2.** This situation is not governed by *Zamora, supra.* That case involved distribution (or more accurately, assignment of funds to be distributed) to the attorney for services *to be performed* for the debtor relating to the conversion of the case to chapter 7. The case *sub judice* is actually easier—the work has already

been done. All that remains is to determine whether a fee has been earned and should be paid as an administrative expense.

**3.** Creditors no longer have an interest in the allowance of fees when the case is dismissed

object to the allowance of the administrative claim, without holding up the voluntary dismissal of the debtor's case.

In this particular case, the debtors have countersigned the pleading, and the fees requested are actually less than the amount allowed in the plan. The trustee will accordingly deduct $1,100 from funds on hand and pay over those funds to the debtor's counsel. The balance, if any, shall be paid over to the debtors. An order will be entered consistent with this memorandum decision.

because they are no longer entitled to distribution. The Chapter 13 Trustee's continuing interest is that of an officer of the court, to prevent overreaching.