**In re Gary L. SCHLAPPER, Debtor.**

**Bankruptcy No. 95–726–BKC–3F3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 23, 1996.

Douglas R. Lauber, Sanford, Florida, for Debtor.

Gregory L. Atwater, Jacksonville, Florida, for Chapter 13 Trustee.

Charles Baer, Jacksonville, Florida, for IRS.

Mamie Davis, Trustee.

***FINDINGS OF FACT AND CONCLUSIONS OF LAW***

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court upon a Motion to Enforce Order Dismissing Case and Directing Payments of Funds filed by the Debtor. An Order of Dismissal was entered on February 21, 1996 directing the Standing Chapter 13 Trustee to refund to the Debtor the sum of $12,424.30. A federal tax levy had previously been served on the Trustee by the Internal Revenue Service. The IRS filed a Response to Debtor's Motion to Enforce and a hearing was held on April 3, 1996. Based upon the evidence presented the Court makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

The parties orally stipulated to the facts. On February 20, 1996 the Court orally ruled that the Debtor's Chapter 13 case be dismissed. The Debtor also filed a Notice of Dismissal on February 20, 1996. On February 21, 1996 the Court entered the Order of Dismissal in this case. That Order provided in relevant part, that the automatic stay was lifted and that "[t]he Trustee shall retain $575.00 from the funds deposited by debtor pursuant to 11 U.S.C. § 503(b) as expenses and refund to the debtor the balance of $12,424.30...." On February 20, after the filing of the Notice of Dismissal, and again following the entry of the Order of Dismissal, the IRS served 26 U.S.C. § 6331 notices of levy upon the Trustee. The Trustee has retained the funds. Some of the funds held by the Trustee are the fruits of Debtor's wages.

Debtor filed a new Chapter 13 case on February 27, 1996. By Order dated April 3, 1996, the Court granted relief from stay to the IRS in the Debtor's new case.

**CONCLUSIONS OF LAW**

Where any person liable to pay tax neglects or refuses to do so, the United States may collect such tax by levy upon all property or rights to property of such person. 26 U.S.C. § 6331(a). Section 6332(a) of Title 26 provides in relevant part, "that any person in possession of ... property or rights to property subject to levy upon which a levy has been made shall, upon demand of the [Government] surrender such property to the [Government], except such part of the property or rights as is, at the time of such

demand, subject to attachment or execution under judicial process."

The District Court for the Middle District of Florida dealt with a levy on a trustee for funds payable pursuant to a bankruptcy court order in *United States v. Ruff,* 179 B.R. 967 (M.D.Fla.1995). In that case the government had served a levy on a Chapter 7 trustee before the bankruptcy court order that the funds be paid. The District Court held that once the bankruptcy court ordered payment, the trustee should have honored the levy and paid the funds to the Government.

This Court is not bound by the District Court's decision in *Ruff.* The case is persuasive, but not binding. While this Court has jurisdiction to enforce its order, the Court finds that, once the order of dismissal is entered, and the stay has been lifted, and the Trustee has been ordered to turn over funds to the Debtor, she becomes a debtor of the Debtor to that extent. The funds held by the Trustee are subject to levy or garnishment by creditors of the Debtor, pursuant to applicable law. The Trustee is bound to accept the levy if she has any money that belongs to the Debtor.

This ruling is without prejudice to any action that Debtor may have in a District Court refund action under the procedures outlined at 26 U.S.C. § 7422, or any adversary proceeding he may file in his new bankruptcy case in regard to his claim that a portion of the funds in the hands of the Trustee are exempt from levy, or the Debtor's right to object to the secured claim of the IRS in the new case, to the extent that the Debtor feels he is entitled to credit on the secured claim of the IRS in the new case, based upon any funds recovered under the levy.

A separate final order will entered in accordance with the foregoing.

### *ORDER DENYING MOTION TO ENFORCE ORDER DISMISSING CASE*

This case is before the Court upon a Motion to Enforce Order Dismissing Case and Directing Payments of Funds filed by the Debtor. Based upon Findings of Fact and Conclusions of Law separately entered, it is

**ORDERED:**

The Motion to Enforce Order Dismissing Case and Directing Payments of Funds filed by the Debtor is denied without prejudice to the matters specified in the Findings of Fact and Conclusions of Law.

**DONE AND ORDERED.**