**In re Jerry D. MISHLER, Jr., Debtor.**

**Bankruptcy No. 96–5566–3P3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 13, 1998.

D. Lamar Smith, Jacksonville, FL, for Jerry D. Mishler, Jr.

Charles Baer, Jacksonville, FL, for United States, Internal Revenue Service.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Jerry D. Mishler, Jr.'s ("Debtor") Motion to Enforce Court Order Pursuant to 11 U.S.C. § 1326(a)(2). A hearing on Debtor's Motion was held on June 3, 1998, at which time the Court requested briefs on the law and pro-

posed findings of fact and conclusions of law from both parties. The Court now enters the following Findings of Fact and Conclusions of Law.

## Findings of Fact

1. Debtor filed his petition pursuant to Chapter 13 of the Bankruptcy Code on September 11, 1996.

2. On May 12, 1997 the United States of America, Internal Revenue Service ("Service"), filed an objection to Debtor's Chapter 13 plan. (Doc. 21.)

3. Following a confirmation hearing on May 29, 1997 and August 14, 1997 this Court entered an Order Overruling United States' Objection to Confirmation along with Findings of Fact and Conclusions of Law dated November 18, 1997. (Doc. 44, 45.)

4. On February 17, 1998 the Service filed its Notice of Appeal from the November 18, 1997 order overruling its objection to the debtor's plan. (Doc. 51.)

5. On March 3, 1998 the Court entered an order of confirmation. (Doc. 54.)

6. Debtor's case was subsequently dismissed by order dated March 16, 1998 due to Debtor's failure to make confirmed plan payments. (Doc. 48, 57.)

7. The March 16, 1998 Order of Dismissal directed the Chapter 13 Trustee to "retain $500.00 from funds deposited by debtor(s) pursuant to 11 U.S.C. § 503(b) as expenses and refund to the debtor(s) the balance of $14,289.58, as required by 11 U.S.C. § 1326 ." (Doc. 57.)

8. On March 17, 1998 the Service served a Notice of Levy on the Chapter 13 Trustee demanding that she surrender any funds in her possession due the debtor.

9. Following the dismissal of Debtor's case the Service filed a Motion to Dismiss Appeal on March 20, 1998 contending that their appeal from the November 18, 1997 Order was now moot. (Doc. 59.)

10. The Service's Motion to Dismiss Appeal was granted by order dated March 24, 1998. (Doc. 60.)

11. On April 7, 1998 Debtor filed a Motion to Enforce Court Order Pursuant to 11 U.S.C. § 1326(a)(2). (Doc. 61.) Debtor's Motion requested that the Court enforce the March 16, 1998 Order of Dismissal by directing the Trustee to remit $14,289.58 to the debtor as required by the Court's Order. (Id.)

## Conclusions of Law

The parties agree that the sole issue before the Court is whether it is permissible for the Service to levy upon funds held by the Chapter 13 Trustee which are due the debtor.

 The United States has the authority to levy upon property and rights to property belonging to a taxpayer in order to collect a delinquent tax. 26 U.S.C. § 6331(a) (1994).[1] Unless the subject property or rights is subject to attachment or execution under judicial process, surrender is required of any person in possession of the property or rights upon demand of the United States. 26 U.S.C. § 6332(a) (1994).[2]

Although apparently conceding the right of the Service to levy pursuant to its statutory authority, the debtor argues that in the instant case the funds held by the Chapter 13 Trustee must be distributed to the debtor in accordance with the plain meaning of 11 U.S.C. § 1326(a)(2). Debtor also asserts that the Service may not levy upon the funds held

---

1. "If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax...." 26 U.S.C. § 6331(a) (1994).

2. "Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process." 26 U.S.C. § 6332(a) (1994).

by the Chapter 13 Trustee due to the status of those funds as property within the custody and control of the bankruptcy court.

■ Section 1326(a)(2) provides in relevant part as follows: "If a plan is not confirmed, the trustee shall return any such payment to the debtor ...." 11 U.S.C. § 1326(a)(2) (1998). Debtor contends that the plan in the case at bar is analogous to an unconfirmed plan due to the Service's appeal from the order overruling its objection to Debtor's plan which effectively held the confirmation order in abeyance. Consequently, the debtor asserts that pursuant to the plain meaning of § 1326(a)(2) the Chapter 13 Trustee is required to return the subject funds to the debtor.

Construing § 1326(a)(2) in accordance with its plain meaning, as requested by Debtor, the Court finds that the statute unequivocally requires a plan which has not been confirmed. The statute is not phrased in terms of an order overruling an objection to confirmation from which appeal is taken. A plan was confirmed in the instant case by order dated March 3, 1998. Hence, § 1326(a)(2) is inapplicable. . .

■ Notwithstanding the Court's finding that § 1326 does not apply in this case, an outstanding order exists which requires the Chapter 13 Trustee to return certain funds to the debtor. The Debtor therefore argues that those funds are not subject to levy because they are within the bankruptcy court's custody and control.

In *B & G Ltd. v. Levin (In re Meter Maid Indus.)*, 462 F.2d 436, 438 (5th Cir.1972), the court addressed the issue of custodia legis in the context of the Internal Revenue Service's levy upon a trustee.

> The doctrine of custodia legis refers to the power of the bankruptcy court to assume complete control over the assets of a bankrupt estate and to prevent any action that would tend to embarrass the court in the equitable distribution of the estate. 1 Collier on Bankruptcy, ¶ 2.06 (14th ed.1971). Property in custodia legis is not attachable

because of 'the desirability of avoiding a clash between judicial jurisdictions which would result from any attempt to use the process of one to seize assets in the control of another judicial authority....

*Id.* (quoting *In re Quakertown Shopping Center, Inc.*, 366 F.2d 95, 97–98 (3d Cir. 1966)).

Relying on the Third Circuit Court of Appeals' decision, the *Meter Maid* court declined to find the doctrine of custodia legis a bar to the levy. *Id.* (citing *In re Quakertown Shopping Center, Inc.*, 366 F.2d 95, 97–98 (3d Cir.1966) (holding that a levy by the United States on a Chapter XI receiver was valid and enforceable)). The court found that the absence of a judicial attachment issuing out of another court prevented the application of custodia legis. *Id.*

As in *Meter Maid* there is no jurisdictional conflict in this case. Without such a conflict the application of custodia legis serves no purpose. The Court therefore finds that Debtor's argument that the funds held by the Chapter 13 Trustee are not subject to levy based on custodia legis is without merit.

In opposition to Debtor's Motion the Service relies upon case law which it interprets to permit a levy upon funds held by a bankruptcy trustee. *See, e.g., United States v. Ruff,* 99 F.3d 1559 (11th Cir.1996); *In re Schlapper,* 195 B.R. 805 (Bankr.M.D.Fla. 1996). The debtor suggests that the Service's reliance on these cases is misplaced and argues that they are inapplicable to the case at bar for the following reasons: first, the present case involves a Chapter 13 trustee obligated to comply with § 1326(a)(2), as opposed to a Chapter 7 trustee; second, the cited cases failed to address the plain meaning of § 1326(a)(2);[3] and third, none of the cases contained a court order which mandated the disbursement of funds to the respective debtors.

*United States v. Ruff,* a case decided by the Eleventh Circuit Court of Appeals, concerned the validity of a levy by the Internal Revenue Service on funds held by a Chapter

---

3. The Court has previously addressed Debtor's argument concerning the "plain meaning" of § 1326(a)(2) and will not do so again here. The failure of the cited cases to address a similar argument is irrelevant to the propositions for which they are cited.

**20**

7 Trustee and owed to a broker for the bankruptcy estate. *Ruff*, 99 F.3d at 1562. The Eleventh Circuit concluded that the trustee was in possession of property subject to levy which she was required to surrender upon demand by the Internal Revenue Service. *Id.* at 1567. The facts of *Ruff* differ from those in the instant case in that *Ruff* involved a levy upon a Chapter 7 Trustee for property belonging to a third party rather than the debtor. However, the Court finds *Ruff* supportive of the Service's position that a Chapter 13 Trustee is required to honor a notice of levy.[4]

Debtor erroneously contends that none of the cases cited by the Service involve a Chapter 13 trustee or an order mandating the dispersal of funds to the debtor. *In re Schlapper*, 195 B.R. 805 (Bankr.M.D.Fla. 1996), a case decided by this Court, involved a levy by the Internal Revenue Service on a Chapter 13 trustee as well as an Order of Dismissal requiring the Chapter 13 Trustee to return over $12,000 to the debtor. *Id.*

The facts of *Schlapper* are precisely on point with the facts of the instant case. The debtor in *Schlapper* filed a Motion to Enforce Order Dismissing Case requesting that the Court enforce its order requiring the Chapter 13 Trustee to return funds to the debtor. The Court denied the motion, explaining:

> While this Court has jurisdiction to enforce its order, the Court finds that, once the order of dismissal is entered, and the stay has been lifted, and the Trustee has been ordered to turn over funds to the Debtor, she becomes a debtor of the Debtor to that extent. The funds held by the Trustee are subject to levy or garnishment by creditors of the Debtor, pursuant to applicable law. The Trustee is bound to accept the levy if she has any money that belongs to the Debtor.

This Court concurs with the reasoning in *Schlapper* and holds that it is permissible for the Service to levy upon funds held by the Chapter 13 Trustee even in the face of an order directing the Trustee to return those funds to the debtor. The Court

therefore declines to enforce the portion of its Order of Dismissal, dated March 16, 1998, which requires the Trustee to refund $14,-289.58 to the debtor and will accordingly deny Debtor's Motion to Enforce Court Order. A separate order will be entered in accordance with these Findings of Fact and Conclusions.

---

**4.** The Court in *Ruff* ultimately held the trustee personally liable to the Internal Revenue Service for the value of the property not surrendered pursuant to 26 U.S.C. § 6332(d)(1). *Ruff*, 99 F.3d at 1567.