**In re Floyd W. BEAM; Elaine M. Beam, Debtors.**

**Floyd W. Beam; Elaine M. Beam, Appellants,**

v.

**Internal Revenue Service, Appellee.**

**No. 98–35576.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 1999*

Filed Oct. 15, 1999.

---

* The panel unanimously finds this case suitable for decision without oral argument. Rule 34(a), Federal Rules of Appellate Procedure; 9th Cir. R. 34–4.

Floyd W. Beam, Elaine Marie Beam, pro per, Springfield, Oregon, for the appellants.

Charles F. Marshall, Department of Justice, Tax Division, Washington, D.C., for the appellee.

Before: ALDISERT,[**] KLEINFELD and FLETCHER, Circuit Judges.

ALDISERT, Circuit Judge:

Appellants Floyd W. Beam and Elaine M. Beam filed a petition for bankruptcy reorganization under Chapter 13 and deposited $24,000 towards a proposed plan with the trustee in bankruptcy. They subsequently filed a motion to withdraw their bankruptcy petition and demanded return of the money they had deposited into their unconfirmed Chapter 13 plan. Upon dismissal of their petition, the Internal Revenue Service served a notice of levy on the trustee in bankruptcy, directing him to distribute the deposited funds directly to the IRS in partial satisfaction of the Beams' federal tax liability. We are to decide whether a Chapter 13 trustee in bankruptcy is required to honor an IRS notice of levy under 26 U.S.C. § 6331 on these funds, notwithstanding 11 U.S.C. § 1326(a)(2), which instructs the trustee to return the debtor's payments where a debtor's plan is not confirmed. The district court concluded that the IRS's power to levy is not compromised by the bankruptcy distribution provision. We affirm the judgment of the district court.

The bankruptcy court had subject-matter jurisdiction under 28 U.S.C. § 157. The district court had jurisdiction under 28 U.S.C. § 158(a). We have jurisdiction under 28 U.S.C. § 1291. The appeals were timely filed. Rule 4(a), Federal Rules of Appellate Procedure.

Appellants contend that the district court erred because (1) distribution of the deposited funds directly to the IRS conflicts with the bankruptcy distribution provision in 11 U.S.C. § 1326(a)(2); and (2) the IRS levy is invalid, because the IRS impermissibly served a "notice of levy" on the trustee in bankruptcy.

This court reviews the bankruptcy court's interpretation of statutory language *de novo*. *In re Claremont Acquisition Corp.*, 113 F.3d 1029, 1031 (9th Cir. 1997); *In re Maya Const. Co.*, 78 F.3d 1395, 1398 (9th Cir.1996).

## I.

In January 1993, the Beams sought relief from their outstanding debts by filing a petition for Chapter 13 bankruptcy in the Bankruptcy Court for the District of Oregon. Over the next four years, the Beams deposited approximately $24,000 towards their proposed Chapter 13 plan with the trustee in bankruptcy.

In April 1993, the IRS filed a proof of claim against the Beams for $137,821.50–the amount of their federal tax liabilities since 1981. In November 1995, after several years of litigation regarding the Beams' tax liability, the IRS filed its final amendment to its proof of claim.

In June 1997, the bankruptcy court denied confirmation of the Beams' Chapter 13 plan, but allowed them to pay all creditors and administrative expenses in full by August 11, 1997 or, alternatively, to file a modified plan providing for full payment, plus interest, of all outstanding debts. Instead of paying their debts or filing a modified plan, the Beams filed a motion to withdraw their bankruptcy petition in August 1997 and demanded the return of the $24,000 which they had deposited into the unconfirmed plan. The bankruptcy court granted Appellants' motion and issued a notice of dismissal on August 21, 1997. At that time the IRS served a notice of levy on the Chapter 13 trustee, directing him to pay the deposited funds directly to the IRS in partial satisfaction of the Beams' federal tax liability.

In response to the IRS's notice of levy, the Chapter 13 trustee filed a Motion for Order Directing Disbursement of Funds

[**] Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

with the bankruptcy court and requested an emergency hearing to determine whether the Beams were entitled to the funds despite the IRS's notice of levy. On August 27, 1997, the bankruptcy court directed distribution to the Beams pursuant to the bankruptcy distribution provision for unconfirmed plans, 11 U.S.C. § 1326(a)(2).

The IRS appealed from the bankruptcy court's distribution order. The district court reversed the bankruptcy court's order and directed the trustee to disburse the held funds directly to the IRS. In the district court's view, regardless of which statute controlled the distribution, the IRS ultimately held superior rights to the funds via its broad levy powers.

On May 26, 1998, the Beams filed a timely notice of appeal to this court and a motion to stay disbursement of the funds pending appeal. On July 2, 1998, the district court denied the Beams' motion to stay.

## II.

■ The provisions of 26 U.S.C. § 6331, when read in conjunction with § 6334, authorize the IRS to collect unpaid taxes via a levy on the taxpayer's property, so long as the property is not specifically exempt from levy. In tension with the Internal Revenue statutes, § 1326(a)(2) of the Bankruptcy Code mandates, if a plan is not confirmed, the trustee in bankruptcy shall return to the debtors any payment made pursuant to the proposed plan.

The payment distribution clause of section 1326(a)(2) provides:

[If a debtor's] plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any

unpaid claim allowed under section 503(b) of this title.

11 U.S.C. § 1326(a)(2).

Section 6334(a) identifies 13 categories of property exempt from an IRS levy.[1] Section 6334(c) further provides:

Notwithstanding any other law of the United States . . . , no property or rights shall be exempt from levy other than the property specifically made exempt by subsection (a).

26 U.S.C. § 6334(c).

Resolution of this statutory conflict directly impacts upon collection and enforcement policies of the IRS regarding unpaid taxes from ·debtors who have deposited funds into unconfirmed bankruptcy plans. If funds deposited into unconfirmed bankruptcy plans are returned to debtors who are also delinquent taxpayers, then the IRS would be required to pursue additional legal action to collect these outstanding taxes.

We are persuaded that Congress clearly intended to exclude from IRS levy only those 13 categories of property specifically-exempted in section 6334(a). In drafting the levy authority of the Internal Revenue Service, Congress set forth in unambiguous language that "no property or rights shall be exempt from levy other than property specifically made exempt by [§ 6334](a)." 26 U.S.C. § 6334(c). Section 1326(a)(2) of the Bankruptcy Code is not listed among the 13 items exempt from levy under § 6334(a).

Moreover, courts have construed the plain language of § 6334 literally and have refused to exempt property from IRS levy which is not specifically exempted by the statute. *See, e.g., United States v. Mitchell*, 403 U.S. 190, 204–205, 91 S.Ct. 1763, 29

---

**1.** The specific exemptions include wearing apparel and school books, fuel, necessary personal expenses up to $6250, books and tools up to $3125, unemployment benefits, undelivered mail, certain annuity and pension payments, workmen's compensation, judgments in support of minor children, minimum exemptions for wages and salary, certain ser-

vice-connected disability payments, certain public assistance payments, assistance under the Job Training Partnership Act, residences exempt in small deficiency cases and principal residences and certain business assets exempt in absence of certain approval or jeopardy. 26 U.S.C. § 6334(a)(*l*)-(13).

L.Ed.2d 406 (1971) ("[Section 6334(c) ] is specific and it is clear and there is no room in it for automatic exemption of property that happens to be exempt from state levy...."); *Sea–Land Serv., Inc. v. United States,* 622 F.Supp. 769, 772–773 (D.N.J.1985) (holding that the IRS could levy on the wages of seamen even though the wages were not subject to attachment under 46 U.S.C. § 11109); *In re Jones,* 206 B.R. 614 (Bankr.D.C.1997) (allowing the IRS to levy a Chapter 13 debtor's Thrift Savings Plan, even though 5 U.S.C. § 8437(e)(2) specifically prohibited such a levy).

■ Accordingly, we reject Appellants' argument that the specific construct of § 1326(a)(2) trumps the general language of § 6334(c). While specific statutes normally trump conflicting, general statutes, *see Green v. Bock Laundry Mach. Co.,* 490 U.S. 504, 524, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989), such an argument ignores the specifically stated intent of Congress to limit the instances where an IRS levy may not attach.

### III.

■ Appellants contend also that the IRS's service of a notice of levy on the trustee was improper and that the IRS agent exceeded his statutory levying powers under 26 U.S.C. § 6301. These arguments also fail. A notice of levy served on a third-party custodian of property is tantamount to a levy under 26 U.S.C. § 6331. *See, e.g., United States v. Donahue Industries, Inc.,* 905 F.2d 1325, 1330 (9th Cir.1990). Furthermore, the IRS agent had authority to levy upon Appellants' property, because the agent's levy power is derived directly from the Treasury Secretary's statutorily prescribed power to collect taxes.

### A.

■ We reject Appellants' contention that the IRS's "notice of levy," which was served on the Chapter 13 trustee, was invalid. Service of a notice of levy on a third-party is proper, indeed customary, when the third-party is in possession of the debtor's property, or where the third-party is obligated to the debtor. *See United States v. National Bank of Commerce,* 472 U.S. 713, 720, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). Furthermore, the Treasury Regulations expressly provide that a "[l]evy may be made by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights of property subject to levy." 26 C.F.R. § 301.6331–1(a)(1); *see also* 26 U.S.C. § 6332(a) ("[A]ny person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand ..., surrender such property or rights...."). Because a trustee in bankruptcy represents the bankruptcy estate, *see* 11 U.S.C. § 323, the trustee is therefore obligated to the estate. Accordingly, service of a notice of levy upon the trustee in bankruptcy for any obligations owed by the estate is proper. *See United States v. Hemmen,* 51 F.3d 883, 890 n. 6 (9th Cir.1995).

Here, the IRS served a notice of levy on the Chapter 13 trustee, because the trustee held the deposited funds and was obligated to the Beams as their representative in bankruptcy. Consequently, the IRS properly levied the funds by serving a notice of levy on the trustee.

### B.

■ Appellants contend also that the IRS agent who served the notice of levy on the trustee acted outside the scope of his authority, because 26 U.S.C. § 7608 does not provide for the use of levies to secure payment of unpaid taxes. Appellants' reliance on § 7608 is misplaced because this provision applies only to criminal enforcement officers performing certain functions relating to undercover operations, subtitle E of the Internal Revenue Code and other laws relating to alcohol, firearms and tobacco. These matters are not implicated

here. We conclude, therefore, that the IRS agent had authority to levy pursuant to 26 U.S.C. § 6301. *See Hughes v. United States,* 953 F.2d 531, 536 (9th Cir.1992) (concluding that Secretary's assignment of authority to local IRS employees constituted valid delegation of power).

AFFIRMED.