**In re Dawane HARRIS, Debtor.**

**No. 00–00508.**

United States Bankruptcy Court,
D. Idaho.

Dec. 15, 2000.

Randal J. French, Bauer & French, Boise, Idaho, for Debtor.

Gary McClendon, Office of the U.S. Trustee, Boise, Idaho.

John Krommenhoek, Boise, Idaho, Trustee.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge..

### Background

Debtor Dawane Harris ("Debtor") filed for bankruptcy relief under Chapter 13 of the Bankruptcy Code on March 3, 2000. Debtor retained Randal J. French ("Counsel") to represent him in the bankruptcy case. Counsel's Fed. R. Bankr.P.2016(b) Disclosure of Compensation of Attorney for Debtor filed in the case on March 6 (Docket No. 4) shows Counsel had agreed to accept $1000 as a fee for his services, of which $365 had been received prior to the bankruptcy filing, with a balance due of $635. On March 8, Debtor filed his proposed Chapter 13 plan. John H. Krommenhoek ("Trustee") was appointed as the Chapter 13 Trustee. In accordance with 11 U.S.C. § 1326(a)(1), the Court entered an order on March 10 (Docket No. 9) requiring Debtor to begin making payments as proposed under Debtor's Chapter 13 plan to Trustee thirty days after his plan was filed.

Debtor's Chapter 13 case was dismissed by order entered on September 11, 2000 (Docket No. 27). Before dismissal, Debtor made several plan payments to Trustee totaling $1000. *See* Docket No. 32, Debtor's Motion to Compel Release of Funds; Docket No. 38, United States Trustee's Response to Debtor's Motion to Compel Release of Funds. Following dismissal, on September 19, Counsel filed a document with the Court entitled "Claim of Lien" under authority of Idaho Code § 3–205 relating to the funds held by Trustee asserting a right to recover unpaid attor-

ney's fees of $917. Docket No. 29.[1] A copy of this document was served on Trustee and the United States Trustee's office. At some time thereafter, Debtor sent a letter to Trustee requesting that Trustee disburse $917 to Counsel from the funds he held. Trustee refused.[2] Thereafter, on October 18, Counsel filed a motion with the Court, on Debtor's behalf, seeking entry of an order compelling Trustee to disburse the funds to Counsel. Docket No. 32. Both the United States and Trustee object to this motion, and Trustee has refused to release any funds to Counsel.

At the conclusion of the hearing on the motion conducted November 7, 2000, the parties indicated a desire to submit written closing briefs. Briefs from the United States Trustee and Counsel were submitted by November 17, 2000 and the issues raised by the motion taken under advisement at that time.

### Discussion

Under the circumstances described above, should the Court direct Trustee to disburse funds to Counsel? As usual, the Bankruptcy Code supplies the answer.

■ Bankruptcy Code Section 330(a) provides that "the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B). The Code likewise clearly describes a process by which the debtor's attorney may be

---

1. Counsel has submitted no time records or other documentation justifying $917 in fees. His Claim of Lien states Counsel is owed $767 plus another $150 for preparation of the Claim of Lien. The amount claimed as a balance due is obviously at odds with the balance due disclosed in Counsel's Rule 2016(b) statement, and since no supporting explanation has been provided, the Court can not know what services were provided by Counsel to justify this amount.

2. Counsel was asked by the Court to file a copy of this letter with the Court. To the Court's knowledge, this was not done. The Court has no reason to disbelieve Counsel's representations concerning the existence of contents of the letter, and Trustee has acknowledged he received such a letter from Debtor. For purposes of this decision, the Court presumes the existence and substance of the letter, as represented by Counsel, as fact.

compensated from funds paid by the debtor to the Chapter 13 Trustee when a case is dismissed prior to confirmation of a plan: "[t]he trustee shall return any such payment to the debtor, *after deducting any unpaid claim allowed under section 503(b) of this title.*" 11 U.S.C. § 1326(a)(2) (emphasis added). Section 503(b) governs allowance of administrative expenses generally, and expressly includes "compensation and reimbursement awarded under section 330(a) of this title." 11 U.S.C. § 503(b)(2). The plain language of the statute, then, provides a road map to a Chapter 13 debtor's attorney seeking payment from the trustee for services provided in connection with the case, upon dismissal of the case without confirmation of a plan: after compliance with the application and allowance process envisioned by Section 503(a), the attorney can be paid from undistributed funds held by the Chapter 13 Trustee before those funds are returned to the debtor.

Instead of pursuing payment of his fees under the law and process described above, here Counsel proposes an alternative route. Rather than applying to the Court for allowance of his compensation and expenses as an administrative expense, Counsel chose to file and assert a state statutory lien against the funds being held by Trustee.[3] To avoid the application of Section 1326(a)(2), Counsel argues this Court lacks jurisdiction to enforce the provisions of the Code following dismissal of Debtor's Chapter 13 case. To get to this end, Counsel reminds the Court that the automatic stay terminates and the bankruptcy estate ceases to exist upon dismissal of the bankruptcy case. *See* 11 U.S.C. § 362(c)(1) ("the stay of an act against property of the estate under subsection (a) of this section continues until such proper-

ty is no longer property of the estate."); 11 U.S.C. § 349(b)(3) (unless the court for cause orders otherwise, dismissal of a case other than under Section 742 "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."). Therefore, according to this argument, upon dismissal of the case, Counsel insists he is free to assert his state law lien rights against, and to obtain payment from, the Chapter 13 Trustee.

There is case authority for the proposition that dismissal immediately terminates the automatic stay and extinguishes the bankruptcy estate. *See, In re De Jesus Saez,* 721 F.2d 848, 851 (1st Cir.1983) ("It seems self-evident that there is no 'estate' and hence no 'property of the estate' unless there is an existing petition. Dismissal of the petition, therefore, would ordinarily terminate the stay as well.") *See also In re Doherty,* 229 B.R. 461, 463 (Bankr.E.D.Wash.1999) (holding the bankruptcy estate and automatic stay terminate upon dismissal); *In re Weston,* 101 B.R. 202, 204–205 (Bankr.E.D.Cal.1989) (holding the automatic stay ends at the moment the dismissal order is docketed). The Court would not criticize these holdings as far as they go, and, in fact, has previously cited with approval to *Saez* in holding that the automatic stay terminates upon the dismissal. *In re Ethington,* 150 B.R. 48, 51 (Bankr.D.Idaho 1993) ("The stay generally terminates upon the dismissal of the underlying bankruptcy.").

Simply because upon dismissal the automatic stay terminates, and property of the estate revests in the debtor, though, this Court does not lose its power to effect a disposition of funds remaining in the hands of a Chapter 13 Trustee. The Court rejected a similar argument in *Ethington,*

---

**3.** Filing and litigating the present motion would seem to involve as much time and trouble for a debtor's attorney as filing a fee application and motion for allowance of an administrative expense. The Court can only speculate as to the reasons for Counsel's desire to deviate from the statutory procedure for securing payment of his fees and costs. Perhaps by taking the lien approach, Counsel feels he can shield his billings from the sunshine and Court scrutiny inherent under the "reasonableness" analysis required by Section 330.

where it held it had continuing jurisdiction to direct the distribution of funds following dismissal of a Chapter 12 case, and to make determinations regarding the winding up of the bankruptcy. *Ethington*, 150 B.R. at 51 ("I hold that this Court retains jurisdiction to hear and determine claims to the property prior to its return to the debtor, specifically administrative expenses and trustee's fees as set forth in 11 U.S.C. § 1226.").[4]  And while here neither trustee nor Counsel has submitted a fee application which would invoke the Court's jurisdiction following dismissal, the Court's jurisdiction has not come to an end. *See, Doherty*, 229 B.R. at 464 ("Dismissal of a Chapter 13 case does not automatically terminate the Court's jurisdiction over the Chapter 13 Trustee or former estate funds that he holds."). The Court retains jurisdiction to consider a variety of issues dealing with the closing of the case. *Doherty*, 229 B.R. at 464. Here, for example, the Court must determine the validity of Counsel's alleged statutory lien.[5]  Therefore, the Court rejects the notion that it lacks jurisdiction to consider whether Counsel's lien should be honored by Trustee because the Chapter 13 case has been dismissed.[6]

Can Counsel assert his lien as an alternative to payment as an administrative expense claimant even though Section 1326(a) fails to incorporate such a remedy? There is authority in this Circuit for the proposition that, upon dismissal of a Chapter 13 case without confirmation of a plan, under some circumstances creditors may assert liens in the funds in the trustee's hands. In *In re Beam*, 192 F.3d 941, 945 (9th Cir.1999), the Ninth Circuit agreed the Internal Revenue Service (IRS) could levy on funds paid to the trustee under debtor's proposed Chapter 13 plan and held by trustee following dismissal. However, *Beam* is distinguishable from the present case.

The *Beam* court held provisions of the Internal Revenue Code supersede Section 1326(a)(2) of the Bankruptcy Code. *Beam*, 192 F.3d at 945. 26 U.S.C. § 6331 allows for levy upon property and rights to property to collect unpaid taxes. 26 U.S.C. § 6334(a) provides thirteen categories of property exempt from levy under a Federal tax lien, and those categories do not include funds held by the Chapter 13 Trustee after dismissal of a bankruptcy case.[7]  Section 6334(c) specifies that no other property or rights shall be exempt from IRS levy except as specifically stated

---

4. The language of Section 1226(a)(1) is nearly identical that of Section 1326(a)(2) quoted above, requiring that if a plan is not confirmed, the trustee shall return any payments to the debtor after deducting the amounts needed to pay allowed administrative claims. Section 1226(a)(2) also requires the trustee to pay the percentage fee fixed for standing trustees before returning any amounts to the debtor.

5. A bankruptcy judge has jurisdiction over bankruptcy cases and core proceedings arising under title 11. 28 U.S.C. § 157(b)(1). "[D]eterminations of the validity, extent, or priority of liens ..." constitute core proceedings. 28 U.S.C. § 157(b)(2)(K).

6. Counsel's motion argues that once a Chapter 13 case is dismissed, only the Idaho State Bar may properly regulate his relationship with his client. Obviously, the Court disagrees with this statement as explained above, in that certainly Congress can (and does) impose requirements and restrictions upon attorneys representing debtors in federal bankruptcy proceedings. Even were Counsel correct, though, the Court notes that Idaho Rule of Professional Conduct 1.5(a), like Section 330(a) of the Bankruptcy Code, requires an attorney's fees be reasonable.

7. 26 U.S.C. § 6334(a) exempts the following from IRS levy: wearing apparel and school books; fuel and necessary personal expenses of up to $6250; books and tools of the trade up to $3125; unemployment benefits; undelivered mail; certain annuity and pension benefits; workmen's compensation; judgments in support of minor children; minimum exemptions for wages and salary; certain service-connected disability benefits; certain public assistance benefits; assistance under the Job Training Partnership Act; and residences in small deficiency cases, principal residences, and certain business assets in absence of certain approval or jeopardy.

in Section 6334(a). The Ninth Circuit Court of Appeals was therefore "persuaded that Congress clearly intended to exclude from IRS Levy only those 13 categories" specified in Section 6334(a). *Beam,* 192 F.3d at 944. In other words, the Ninth Circuit concluded that other federal law modified the operation of Section 1326(a)(2). By contrast, in this case there are no other federal statutes in conflict with Section 1326(a)(2), and therefore no reason to enlarge the exception created by the *Beam* court.

There are also cases allowing a creditor to assert state law liens against funds in the possession of a Chapter 13 trustee upon dismissal of the case. *Doherty,* 229 B.R. at 461 (holding funds in the trustee's possession following dismissal were subject to levy by the state taxing authority and directing payment to the state); *In re Oliver,* 222 B.R. 272, 275 (Bankr.E.D.Va. 1998) (holding "the Trustee shall return any undistributed funds to the debtor . . . and all the debtor's creditors are entitled to pursue collection through state court proceedings."); *In re Clifford,* 182 B.R. 229, 232 (Bankr.N.D.Ill.1995) (holding lien of Illinois Department of Revenue attached to funds held by the trustee but the funds must be returned to the debtor under Section 1326(a)(2)).

However, no state law lien may be asserted against the funds in Trustee's possession here because the Court concludes Counsel holds no such valid lien. The statute upon which Counsel relies, Idaho Code § 3–205, provides:

> From the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whosoever hands they may come; and can not be affected by any settlement between the parties before or after judgment.

Section 3–205 recognizes that a charging lien may attach to a cause of action or counterclaim to secure the payment of attorney's fees incurred by the attorney in procuring benefits for his client. *In re Secaur,* 83 I.B.C.R. 175, 176 (Bankr.D.Idaho 1983); *Skelton v. Spencer,* 102 Idaho 69, 625 P.2d 1072, 1078 (1981). A lien created under Section 3–205 "secures [the attorney's] right to compensation for obtaining the recovery or fund' for his client." *Skelton,* 625 P.2d at 1078.

*Skelton* sets forth five requirements for charging liens:

> (1) [T]hat there is a fund in court or otherwise available for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which necessitate the recognition and application of the charging lien.

*Skelton,* 625 P.2d at 1079 (citation and internal quotations omitted).

The arguments of the parties in this case focus on the second element of the *Skelton* test, the creation of a "fund." The *Skelton* Court recognized that an attorney is entitled to assert a lien only against a fund which the attorney helped bring into existence. *Fitzgerald v. Colonial Savings & Loan (In re Karterman),* 97.4 I.B.C.R. 115, 117 (Bankr.D.Idaho 1997). Here, while it is true that plan payments would not have been made to Trustee without the efforts of Counsel in commencement and prosecution of the Chapter 13 case, the actual funds did not come into existence due to the efforts of Counsel. The funds were a part of Debtor's income. With no fund created by the

efforts of Counsel, the Court doubts the validity of Counsel's alleged lien.[8]

The Idaho Supreme Court also seems to recognize the possibility of a charging lien in a "non-fund" situation. *Frazee v. Frazee*, 104 Idaho 463, 660 P.2d 928 (1983). This Court has questioned *Frazee's* purported allowance of "non-fund" attorney's liens as inconsistent with *Skelton* and the plain language of Idaho Code § 3-205. *In re Secaur*, 83 I.B.C.R. at 177; *Elsaesser v. Raeon (In re Goldberg)*, 99.2 I.B.C.R. 63, 66. However, even under the *Frazee* standard, Counsel holds no valid lien. "The equitable source of the charging lien necessitates that an attorney take affirmative steps in an adjudicative process to perfect and reduce his lien to a judgment or order of the court." *Frazee*, 660 P.2d at 931. Also, *Frazee* rejected the notion that an attorney may claim any sum in fees without proving the reasonableness of such fees in such adjudicative process. *Id.* at 930. While it is not entirely clear what sort of adjudicative process *Frazee* requires, Counsel has submitted to no such process in this case. Counsel has done nothing more than file a claim of lien, and Debtor's acquiescence to payment of Counsel's fees from the funds held by Trustee is insufficient to constitute the adjudicative process confirming the validity and reasonableness of Counsel's claim as required by *Frazee*.

It therefore appears that Counsel has no basis to recover payment under either the Bankruptcy Code or state law. On the other hand, because Debtor consented to payment of the Counsel's fees from the funds held by Trustee, Counsel asserts Trustee should honor Debtor's instructions. After all, if Debtor would otherwise be entitled to the funds in Trustee's care, and if he does not object to payment to Counsel, what is the problem?

As a practical matter, Counsel' argument is persuasive. However, the Court declines the suggestion that it should order a bankruptcy trustee to respond to payment directions from the Chapter 13 debtor which appear inconsistent with the express provisions of the statute. Section 1326(a)(2) imposes an affirmative duty on the trustee with respect to the funds. If Counsel desires to be paid from the money held by Trustee, he should apply for allowance of his fees in the manner prescribed by the Code. On the other hand, if Debtor wants Counsel paid, he can pay him. Under these circumstances, and with no administrative claims pending, Trustee is obligated by law to disburse the funds to Debtor. Debtor's desires (or perhaps those of his attorney) should not be allowed to short circuit the operation of the Bankruptcy Code.[9]

For these reasons, Counsel's Motion to Compel Release of Funds must be denied. Once any administrative claims allowed in accordance with Section 503(b) have been deducted, the funds in Trustee's possession should be disbursed to Debtor. A separate order will be entered.

---

**8.** Counsel did not address the other four requirements of *Skelton,* and the Court expresses no opinion whether those requirements are satisfied here.

**9.** One final point raised by Counsel is a cause for comment. In his motion, Counsel questions the policy of the Court in requiring that an attorney comply with the process set forth for allowance of professional fees as administrative expenses under Sections 330(a) and 503(a) of Bankruptcy Code in Chapter 13 cases dismissed before confirmation and criticizes the Code as "flawed." Given Counsel's many experiences in representing debtors in bankruptcy cases, his thoughts about the deficiencies in the statutory processes are no doubt sincere and could have merit. It must be understood, though, that while Counsel can use this forum to voice frustration with the Bankruptcy Code, this Court is powerless to change the statutes. The Court encourages Counsel to make his opinions known to Congress.