**In re Johnnie L. BROWN, Debtor.**

**No. 1998–31716.**

United States Bankruptcy Court,
E.D. Wisconsin.

July 2, 2002.

Susan M. Knepel, Milwaukee, WI, Mark D. Petersen, San Francisco, CA, for plaintiff.

Larry Moses, pro se.

### MEMORANDUM DECISION ON PETITION FOR PAYMENT OF UNCLAIMED FUNDS

MARGARET DEE MCGARITY, Bankruptcy Judge.

This proceeding involves a dispute over unclaimed funds held by the Clerk of Bankruptcy Court after the debtor's chapter 13 case was dismissed without confirmation of a plan, and the trustee was unable to return the funds to the debtor. This court has jurisdiction under 28 U.S.C. § 1334. Because the issues in this matter involve the administration of a case filed

under Title 11 of the United States Code, and also a claim against the debtor, it is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

The debtor filed a chapter 13 petition on November 20, 1998, and after failing to file a feasible plan, his case was dismissed on June 23, 1999. After the case was dismissed, the trustee attempted to return the undistributed payments made to him by the debtor. The check to the debtor in the amount of $916.42 was returned to the trustee by the postal service as unclaimed. The trustee then paid the unclaimed funds to the Clerk of Bankruptcy Court. 11 U.S.C. § 347(a); Fed.R.Bankr.P. 3011.

On December 4, 2001, The Financial Resources Group filed a petition for payment of unclaimed monies on behalf of the debtor. Notice of such request was given to the United States Attorney. 28 U.S.C. § 2042. At the hearing on the Internal Revenue Service's request for additional time to review the request for unclaimed funds, the IRS asserted its position that it was entitled to receive the unclaimed funds from the estate because the debtor had outstanding tax liabilities, which were well in excess of the amount to be returned to the debtor. The court provided the parties with an opportunity to file briefs on their positions, and the court received a brief from the IRS only.

According to the IRS, the debtor owes federal income taxes for the years 1992, 1994 and 1995 in the amounts of $6,863.38, $1,559.67 and $3,956.20, respectively. Liens attached to all property of the debtor, pursuant to 28 U.S.C. § 6321, when he did not pay those amounts after notice and demand. The liens arose on September 18, 1995, for the 1992 federal income tax liability, on September 25, 1995, for the 1994 federal income tax liability, and on February 23, 1998, for the 1995 federal income tax liability. Notices of Federal Tax Lien, giving the IRS priority as to third parties, were filed for those periods on August 17, 2000.

Resolution of this matter depends upon the interplay between two federal statutes, 11 U.S.C. § 1326(a)(2) and 26 U.S.C. § 6321. Section 1326(a)(2) of the Bankruptcy Code provides that

> A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. . . . If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.

11 U.S.C. § 1326(a)(2). Section 6321 of the Tax Code provides:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any cost that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.

■ Thus, the court must determine whether the funds can only be turned over to the debtor pursuant to 11 U.S.C. § 1326(a)(2), or whether the monies may be turned over to the IRS under 26 U.S.C. § 6321 because of the federal tax liens that have attached to all property of the debtor. No notice of levy has been served on the Clerk because, as the IRS stated in its brief, levy was considered unnecessary for funds held by the court. *See also* Treas. Reg. § 301.6331–1(a)(3) (taxes cannot be collected by levy upon assets in custody of court); *Gulf Coast Galvanizing, Inc. v. Steel Sales Co.*, 826 F.Supp. 197, 205

(S.D.Miss.1993) (noting that levy is administrative).

The IRS cites *In re Beam*, 192 F.3d 941 (9th Cir.1999), in support of its position that the funds do not have to be returned to the debtor. In *Beam*, the Ninth Circuit held the IRS could levy on funds paid to the trustee under the debtor's proposed chapter 13 plan and held by the trustee following dismissal of the case. The *Beam* court held that provisions of the Internal Revenue Code superseded § 1326(a)(2) of the Bankruptcy Code.

The court noted that § 6334(a)[1] of the Internal Revenue Code provided 13 categories of property exempt from levy under a federal tax lien, and those categories did not include funds held by the chapter 13 trustee after dismissal of a bankruptcy case. *Beam*, 192 F.3d at 944. Because § 6334(c) further specified that no other property or rights were exempt from IRS levy except as specifically set forth in § 6334(a), and § 1326(a)(2) of the Bankruptcy Code was not listed among the 13 items exempt from levy, the Ninth Circuit concluded that the Internal Revenue Code modified the operation of § 1326(a)(2). *Id.*

Other cases have allowed a creditor to assert state law liens against funds in the possession of the chapter 13 trustee upon dismissal of the case; however, the majority of those cases require the creditor to pursue their rights against the property in state court. *See, e.g., In re Oliver*, 222 B.R. 272 (Bankr.E.D.Va.1998); *In re Walter*, 199 B.R. 390 (Bankr.C.D.Ill.1996); *In re Clifford*, 182 B.R. 229 (Bankr.N.D.Ill. 1995). In effect, the trustee does not make distributions to creditors when a plan has not been confirmed, notwithstanding the creditors' state law rights in the funds held by the trustee. As the IRS points out, these cases are distinguishable in that none of them involved the reach of a federal tax lien.

This view is not unanimous, however. One court determined that judicial economy favored resolving the disposition of the creditor's lien in bankruptcy court, even though no plan was confirmed. *In re Doherty*, 229 B.R. 461 (Bankr.E.D.Wash. 1999). The court concluded that the chapter 13 trustee's costs primed both the debtors' claim to the funds as well as any state tax lien interest. Nevertheless, the state department of revenue had a lien on the funds that were not necessary to pay the administrative costs, i.e., the debtor's funds, and the trustee was required to comply with the levy. The *Doherty* court noted that leaving the lien creditor with the obligation to complete its pursuit of the funds in state court was not an attractive solution. *Id.* at 466. Requiring the IRS to chase its liened funds in the debtor's possession is similarly unattractive.

One treatise, *Mertens Law of Federal Income Taxation*, takes the position that the funds should be turned over to the IRS:

> When a taxpayer files for bankruptcy, that action will operate as an automatic stay to prevent collection efforts until there is a court hearing. Although a bankrupt taxpayer may possess property not subject to a levy because of the

**1.** The specific exemptions include wearing apparel and school books, fuel, necessary personal expenses, books and tool, unemployment benefits, undelivered mail, certain annuity and pension payments, workers' compensation, judgments in support of minor children, minimum exemptions for wages and salary, certain service-connected disabili- ty payments, certain public assistance payments, assistance under the Job Training Partnership Act, residences exempt in small deficiency cases and principal residences and certain business assets exempt in absence of certain approval or jeopardy. 26 U.S.C. § 6334(a)(1)–(13).

**234**

automatic stay provision, a tax lien will extend to such property. When a bankruptcy petition is filed, the Service will also maintain whatever tax liens that it has against the bankrupt's non-exempt property. If a bankruptcy case is dismissed, the bankrupt [sic] trustee is then obligated to either honor a notice of levy related to the non-exempt property or be subject to a penalty.

14 *Mertens Law of Fed. Income Tax'n* § 54A:10 (citing *In re Beam,* 192 F.3d 941 (9th Cir.1999)).

■ This court is satisfied that the IRS' position is correct with respect to both substance and procedure. Cases dealing with state law created liens, which required return of assets to the debtor, seem to require state court procedure for enforcement of those liens, a result that is not necessary in the instant case involving a federal tax lien. The IRS had a valid prepetition lien on all nonexempt property of the debtor, including the debtor's funds in possession of the trustee, and the lien followed those funds when they were transferred to the Clerk of Bankruptcy Court. As the *Beam* court found, the IRS' lien and levy superceded the debtor's right to return of the funds under 11 U.S.C. § 1326(a)(2). While the IRS has not served the Clerk with a notice of levy, an administrative act preliminary to seizing a particular asset or fund subject to a tax lien, the IRS has issued the functional equivalent of a levy by challenging the debtor's right to the funds held by the Clerk. The debtor has had the opportunity to challenge that claim and thus is in no way denied due process. Just as the trustee in *Beam* was required to honor the IRS levy, the Clerk of Bankruptcy Court is likewise required to honor the IRS' claim to the funds on which it has a lien.

This decision stands as the court's findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052. A separate order consistent with this decision will be entered.

### ORDER DIRECTING PAYMENT OF UNCLAIMED FUNDS

For the reasons stated in the court's memorandum decision entered on this date, the Clerk of Bankruptcy Court for the Eastern District of Wisconsin is ordered to pay the unclaimed funds due the debtor in the above referenced case to the Internal Revenue Service.