**In re Rebecca L. PRICE, Debtor.**

**M. Randy Rice, Trustee, Plaintiff**

**v.**

**James Michael Ables and Peggy Lisa Ables, Defendants**

**Mark T. McCarty, Chapter 13 Standing Trustee, Garnishee.**

Bankruptcy No. 4:10–bk–15972M. Adversary No. 4:10–ap–1220.

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Jan. 9, 2013.

---

M. Randy Rice, Rice & Associates, Little Rock, AR, pro se.

Donald K. Campbell, III, Arkansas Bankruptcy Associates, PLLC, Lisa Ables, Ables Law Firm, Little Rock, AR, for Defendants.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On October 28, 2010, Randy Rice, Trustee (Plaintiff) for the estate of Rebecca Price filed an adversary proceeding against James Michael Ables and Peggy Lisa Ables (Defendants) seeking a turnover of property and damages. On July 8, 2011, the Plaintiff was awarded judgment in this Court against the Defendants for the sum of $15,746.03.

On April 4, 2012, James M. Ables (Ables) (case no. 4:12–bk–12016) filed a voluntary petition for relief under the provisions of Chapter 13 of the United State Bankruptcy Code. Despite several attempts to obtain confirmation of a plan none were successful and on June 28, 2012, an order was entered dismissing the Chapter 13 case on Ables' motion. During the time the case was pending, Ables made payments to the Chapter 13 Trustee, Mark McCarty (McCarty) as required by the provisions of Chapter 13 which were not distributed to creditors because no plan was ever confirmed.

On August 21, 2012, Plaintiff requested this Court to issue a writ of garnishment. On August 22, 2012, the writ was issued by the Clerk of the Court against McCarty. The writ of garnishment was served on McCarty who filed an answer on September 6, 2012, acknowledging that he had on hand the sum of $6,847.69. McCarty argued that pursuant to the provisions of 11 U.S.C. § 1326(a)(2) he is required to remit the funds on hand to the Defendants.

A hearing was conducted on October 19, 2012, in Little Rock, Arkansas, and after receiving evidence and argument of counsel the matter was taken under advise-

ment. The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and the Court has jurisdiction to enter a final judgment in this case.

## I.

### DISCUSSION

11 U.S.C. § 1326(a)(1) & (2) provides in relevant part:

(a)(1) Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount—

   (A) proposed by the plan to the trustee;

   . . .

(2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

Courts are divided on the effect of a garnishment issued pursuant to state law and served on the Chapter 13 Trustee after a Chapter 13 case has been dismissed but before the Trustee has returned funds on hand to the debtor pursuant to 11 U.S.C. § 1326(a)(2). Cases are also divided when the garnishment is issued pursuant to some federal statute such as 28 U.S.C. §§ 3001–3008 (the Fair Debt Collection Procedures Act) or a notice of a federal tax levy pursuant to 26 U.S.C. § 6334.

Some courts hold that the language contained in 11 U.S.C. § 1326(a)(2) is an unambiguous mandate requiring the Chapter 13 trustee to return the funds to the debtor. See *In re Sexton,* 397 B.R. 375 (Bankr.M.D.Tenn.2008); *In re Davis,* 2004 WL 3310531 (Bankr.M.D.Ala.2004); *Smith v. Strickland,* 178 B.R. 524 (M.D.Fla.1995); *In re Inyamah,* 378 B.R. 183 (Bankr. S.D.Ohio 2007); *In re Bailey,* 330 B.R. 775 (Bankr.D.Or.2005); *In re Oliver,* 222 B.R. 272 (Bankr.E.D.Va.1998); *In re Walter,* 199 B.R. 390 (Bankr.C.D.Ill.1996). As Bankruptcy Judge George Paine, II explains, this "ruling does no more than return the parties to the nearest status quo had bankruptcy not been filed allowing the United States to pursue the debtors outside of bankruptcy." *In re Sexton,* 397 B.R. 375, 377–78 (Bankr.M.D.Tenn.2008). The *Sexton* court's reasoning includes the proposition that when two statutory schemes conflict the state statute must give way to the federal statute based on the supremacy clause and preemption; however, when both statutes are federal they must be harmonized when possible.

Other courts take a different view. Relying on the fact that the automatic stay is lifted when a Chapter 13 case is dismissed and the fact that 11 U.S.C. § 1326(a)(c) does not specifically bar the garnishment of sums due to be repaid to the debtor, courts have held that the funds held by the trustee are subject to garnishment before being handed over to the debtor. See *In re Pruitt,* 2008 WL 2079145 (Bankr. M.D.Ala.2008) (funds were subject to IRS levy pursuant to 26 U.S.C. § 6331); *Clark v. Commercial State Bank,* 2001 WL 685529 (W.D.Tex.2001) (funds were subject to state court's prejudgment garnishment statute); *Massachusetts v. Pappalardo (In re Steenstra),* 307 B.R. 732 (1st Cir. BAP 2004) (funds were subject to levy by Massachusetts taxing authority); *In re Brown,* 280 B.R. 231 (Bankr.E.D.Wis.2002) (funds

were subject to levy under federal tax statute); *In re Mishler, Jr.,* 223 B.R. 17 (Bankr.M.D.Fla.1998) (funds were subject to the United States' levy); *In re Doherty,* 229 B.R. 461 (Bankr.E.D.Wash.1999) (funds were subject to state taxing authority).

The Ninth Circuit held in *Beam v. IRS (In re Beam),* 192 F.3d 941 (9th Cir.1999) that the Internal Revenue Service could serve a tax levy pursuant to 26 U.S.C. § 6331 on a Chapter 13 Trustee for unpaid taxes owed by the debtor after his Chapter 13 case had been dismissed but before his plan had been confirmed. The court based the ruling on the fact that 26 U.S.C. § 6334 exempts thirteen categories of property from the tax levy but does not include 11 U.S.C. § 1326(a)(2). *In re Beam,* 192 F.3d 941, 945 (9th Cir.1999); see also 8 Collier on Bankruptcy ¶ 1326.02[2][c] (Alan N. Resnick & Henry J. Sommer eds. 16th ed. 2010).

The facts in this case are distinguishable from *Beam* in that the writ of garnishment was issued by the Clerk of this Court as authorized by Federal Rule of Bankruptcy Procedure 7069 which adopts the procedures of the state where the federal court is located. Fed. R. Bankr.P. 7069; see also 10 Collier on Bankruptcy ¶ 7069.02 (Alan N. Resnick & Henry J. Sommer eds. 16th ed. 2011). Garnishment in Arkansas is authorized by Arkansas Code Annotated § 16–110–401, et seq.

## II.

### THE DECISION

■ Although cases on either side of the issue offer logical and reasonable interpretations of the effect of 11 U.S.C. § 1326, the more persuasive view is that if a plan has not been confirmed and the case is dismissed, a Chapter 13 Trustee is subject to a properly issued writ of garnishment or levy by a judgment creditor or taxing entity, either state or federal. This is because the automatic stay is terminated on dismissal and property in the hands of the trustee is no longer property of the estate. See 11 U.S.C. § 362(c)(1) & (2)(B);11 U.S.C. § 541; 11 U.S.C. § 349; 11 U.S.C. § 1306; *Lugo v. Saez (In re De Jesus Saez),* 721 F.2d 848, 851 (1st Cir.1983); 8 Collier on Bankruptcy ¶ 1306.02[4] (Alan N. Resnick & Henry J. Sommer eds. 16th ed. 2010) ("When a chapter 13 case is dismissed, any property acquired by the debtor thereafter never becomes estate property, because section 1306(a) limits the property coming into the estate to property and earnings acquired 'before the case is ... dismissed.' ").

■ After a Chapter 13 case has been dismissed without a confirmed plan, a debtor/creditor relationship exists between the trustee and the debtor as commanded by 11 U.S.C. § 1326 as to all sums in the Trustee's possession not required to satisfy the allowed secured claims. As stated in *In re Doherty,* 229 B.R. 461, 466 (Bankr. E.D.Wash.1999), "[t]he Bankruptcy Code grants protection to debtors and their property in quite specific provisions. The automatic stay provision of 362 protects both the debtors and the property of their estates. Those protections terminate upon the dismissal of the case. The language of 1326(a)(2) does not clearly extend those protections beyond the entry of the order of dismissal." While Congress may want to protect debtors who were setting aside payments for creditors, the reason behind this protection does not exist after the debtor's efforts desist. *In re Doherty,* 229 B.R. 461, 466 (Bankr.E.D.Wash.1999). As pointed out in a law review article, in discussing *Massachusetts v. Pappalardo (In re Steenstra),* 307 B.R. 732 (1st Cir. BAP 2004), a trustee who owes amounts to a debtor is not any different than any

other party that is subject to a garnishment. See Karen Cordy & Zachary Mosner, *Garnishing the Chapter 13 Trustee,* 27 Feb. Am. Bankr. Inst. J. 12, 60 (2008).

For these reasons, the Chapter 13 Trustee's objection to the Plaintiff's garnishment is overruled and the Chapter 13 Trustee is Ordered to turn over to the Plaintiff all sums in his possession not needed for payment of the allowed administrative expenses and which are due the Defendants pursuant to 11 U.S.C. § 1326.

IT IS SO ORDERED.