Donnie Francis SCHROEDER, dba
Quality # 1 Sweeping & Steam
Cleaning, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 13–16563.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2015.*

Filed July 31, 2015.

Donnie Francis Schroeder, Verdi, NV,
pro se.

Robert Joel Branman, I, Esquire, Thomas J. Clark, Supervisory, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before: CANBY, BEA, and MURGUIA,
Circuit Judges.

MEMORANDUM **

Donnie Francis Schroeder appeals pro se from the district court's judgment dismissing his action alleging unlawful inspection and disclosure of his tax return information, in violation of 26 U.S.C. § 7431. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Shwarz v.*

*United States,* 234 F.3d 428, 432 (9th Cir. 2000), and we affirm.

The district court properly dismissed the portion of Schroeder's action pertaining to inspections because Schroeder failed to allege facts sufficient to show that Internal Revenue Service ("IRS") employees unlawfully inspected confidential return information. *See* 26 U.S.C. § 6103(h)(1) (authorizing inspection or disclosure of return information for tax administration purposes); *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)). Contrary to Schroeder's contention, 26 U.S.C. § 7608 applies only to criminal enforcement officers performing certain functions, and thus has no bearing on whether the IRS employees acted within the scope of their authority. *See Beam v. IRS (In re Beam),* 192 F.3d 941, 945–46 (9th Cir. 1999).

The district court properly dismissed the portion of Schroeder's action pertaining to disclosures because Schroeder was precluded from bringing a claim under 26 U.S.C. § 7431. *See Shwarz,* 234 F.3d at 432–33 (claim based on improper disclosure occurring in the course of tax collection activity must proceed under 26 U.S.C. § 7433, not under 26 U.S.C. § 7431); *see also* 26 U.S.C. § 6103(k)(6) (authorizing disclosure of return information for collection activity under conditions prescribed by regulations); 26 C.F.R. § 301.6103(k)(6)–1(a)(1)(vi) (authorizing disclosure of return information to levy on assets).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.